**UNITED STATES of America, Appellee,**

v.

**Milton J. MIMS, Appellant.**

**No. 20063.**

United States Court of Appeals, Eighth Circuit.

March 26, 1971.

Rehearing Denied April 27, 1971.

**644**

Sol S. Brown, St. Louis, Mo., on brief for appellant.

Bert C. Hurn, U. S. Atty., Kansas City, Mo., and Charles E. French, Asst. U. S. Atty., on brief for appellee.

Before MATTHES, Chief Judge, and VAN OOSTERHOUT and LAY, Circuit Judges.

PER CURIAM.

Defendant has filed a direct appeal from his plea of guilty to one count of interstate transportation and concealment of a stolen motor vehicle in violation of 18 U.S.C.A. § 2312. After his plea of guilty was entered, with counsel, defendant filed a pro se appeal. Appointment of counsel to serve on appeal thereafter was made. Mims now asserts: (1) that his plea of guilty was involuntarily made; (2) that he had ineffective assistance of counsel; and (3) that the district court abused its discretion by failing to fully disclose information in the presentence report, in relying on false information, and in rendering too severe a sentence.[1] We affirm.

■■ We have examined the guilty plea proceeding and find full compliance with Rule 11 of the Federal Rules of Criminal Procedure. We have held that compliance with Rule 11 is the only related issue properly before us on a direct appeal from a guilty plea. United States v. Briscoe, 428 F.2d 954 (8 Cir. 1970). The issues of ineffective assistance of counsel and involuntariness of the guilty plea must first be presented to the district court. In addition the defendant did not file a motion in the district court to withdraw his guilty plea as required by Fed.R.Crim.P. 32(d).[2]

■ Defendant's complaint that the district court failed to properly disclose the full contents of the presentence

---

1. Appellant filed a letter in this court dated January 11, 1971, complaining of inadequate dental care in the Leavenworth penitentiary, where he is now confined. This complaint is not properly before us for consideration on the present appeal.

2. We note that the district court forwarded 28 U.S.C.A. § 2255 forms to the defendant at the time he wrote to the court complaining of his sentence. The district court additionally notified the defendant that his letter would serve as a notice of appeal. Whether the defendant ever filed the § 2255 forms is not disclosed by this record.

report and that the trial judge relied on false information is not supported on this record. The trial transcript demonstrates that the defendant was given full opportunity to point out any factual error on the district judge's oral summary of the presentence report. The defendant stated that he had nothing to supplement or to add to the report. Full allocution was accorded the defendant concerning his sentence. There is no showing of any error under Rule 32(c)(2). Cf. United States v. Carden, 428 F.2d 1116 (8 Cir. 1970). Nor may it be said there was error in the sentence rendered by the district court. The sentence imposed is within the limits allowed by statute. We have uniformly held that under these circumstances we have no power to disturb the sentence. See Jones v. United States, 396 F.2d 66, 69 (8 Cir. 1968).

Judgment affirmed.