**Vernon Dale TRAVIS, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 85–1446.**

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1986.

Decided March 27, 1986.

Martha M. Miller, Little Rock, Ark., for appellant.

Connie Griffin, Little Rock, Ark., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and HANSON,* Senior District Judge.

PER CURIAM.

Vernon Dale Travis appeals from a final order entered in the District Court[1] for the Eastern District of Arkansas dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Appellant is a prisoner at the Tucker Unit of the Arkansas Department of Correction. For reversal appellant argues his guilty plea was not voluntarily and knowingly made because (1) he did not understand the nature of the charge against him or the consequences of entering the guilty plea and (2) he did not receive effective assistance of counsel. Appellant also argues that the district court erred in failing to appoint counsel

---

* The Honorable William C. Hanson, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern and Western Districts of Arkansas.

and in dismissing his petition without an evidentiary hearing. For the reasons discussed below, we affirm the order of the district court.

In August 1982 appellant entered a negotiated plea of guilty to the reduced charge of first degree murder in the Circuit Court for Lincoln County, Arkansas, and was sentenced to a twenty-year term of imprisonment, to run consecutively to a sentence of life imprisonment without parole which he was already serving. Appellant filed a petition for post-conviction relief in the state trial court. Following an evidentiary hearing, at which appellant was represented by court-appointed counsel, the state trial court denied the petition. The decision of the state trial court was affirmed by the Arkansas Supreme Court. *Travis v. State*, 283 Ark. 478, 678 S.W.2d 341 (1984). Appellant then filed this petition for writ of habeas corpus. The district court dismissed the petition without an evidentiary hearing. *Travis v. Lockhart*, No. PB–C–84–543 (E.D.Ark.Mar. 28, 1985) (memorandum and order). This appeal followed; counsel was appointed for purposes of appeal.

■ Appellant first argues that his guilty plea was not voluntarily or knowingly made because there was no specific factual basis for the guilty plea and because he was not advised of the full range of possible punishment for the crime with which he was charged, specifically the minimum punishment, the effect of a consecutive sentence and the effect of the conviction upon his parole eligibility date. This argument is without merit. As noted by the district court, the transcript of the guilty plea proceeding shows that appellant admitted the factual basis of the first degree murder charge and that he understood the consecutive nature of the recommended sentence and that the maximum sentence for the original charge of capital murder was death. Slip op. at 4. Although it does not appear that appellant was expressly advised of the minimum possible sentence for first degree murder, the transcript of the guilty plea proceeding showed that appellant understood and accepted the recommended sentence of twenty years, which is the minimum sentence for first degree murder committed by an habitual offender under Arkansas law. *Id.* The transcript of the state post-conviction relief hearing showed that appellant had discussed parole eligibility with his attorney before entering his guilty plea and that appellant knew that the recommended sentence would not affect his parole eligibility date because he was currently serving a sentence of life imprisonment without parole. *Id.* at 5. *See also Hill v. Lockhart*, —— U.S. ——, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (Constitution does not require that state furnish defendant with information about parole eligibility in order for defendant's plea of guilty to be voluntary).

■ Appellant next argues that his guilty plea was invalid because he did not receive effective assistance of counsel. Appellant argues that counsel did not object to the wording of the original capital murder information, adequately investigate or adequately discuss the case with him before the guilty plea proceeding. We agree with the district court that appellant failed to show that he was prejudiced by any of these alleged errors of counsel. Slip op. at 7–8. The record showed that appellant personally conducted most of the plea negotiations with the state prosecuting attorney's office and was satisfied with the terms of the plea agreement. Further, the transcript of the post-conviction relief hearing showed that appellant stated that he had had an adequate opportunity to confer with counsel and that additional time was not required for counsel to review the case. Appellant has failed to show that there was a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 106 S.Ct. at 370; *Thomas v. Lockhart*, 738 F.2d 304, 307 (8th Cir.1984).

■ Appellant also argues that the district court erred in dismissing his petition without an evidentiary hearing and in denying his motion for appointment of counsel.

"A full evidentiary hearing need not be held if [appellant] received a full and fair hearing in state court ... and if the district court has independently reviewed the transcript of the state court proceedings." *Mitchell v. Wyrick*, 698 F.2d 940, 944 (8th Cir.) (citations omitted), *cert. denied*, 462 U.S. 1135, 103 S.Ct. 3120, 77 L.Ed.2d 1373 (1983). Appellant received a full hearing on his petition for post-conviction relief in state court. The district court then reviewed the record in the light most favorable to appellant before deciding that appellant's allegations were without merit. The district court did not err in dismissing appellant's habeas petition without an evidentiary hearing.

We also hold that the district court did not abuse its discretion in denying appellant's motion for appointment of counsel. Appellant's allegations were properly resolved on the basis of the state court record.

Accordingly, we affirm the order of the district court dismissing appellant's petition for writ of habeas corpus.