UNITED STATES of America, Appellee,

v.

Donnie M. YOUNG, Appellant.

No. 90–1294.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 28, 1990.

Decided March 12, 1991.

Rehearing Denied May 9, 1991.

J. Dale Youngs, Kansas City, Mo., for appellant.

Peter M. Ossorio, Kansas City, Mo., for appellee.

Before MCMILLIAN, BOWMAN and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Donnie M. Young entered a plea of guilty to one count of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (1988) and one count of using a firearm in the commission of a felony in violation of 18 U.S.C. § 924(c) (1988). On appeal, Young argues that the district court violated Fed.R. Crim.P. 11(c)(1) by failing to advise him of the statutory maximum and minimum sentences to which he was subject; that the district court abused its discretion in denying Young's motion to withdraw his guilty plea; and that the sentencing guidelines violate his fifth amendment right to due process. We affirm.

I.  BACKGROUND

Together with four co-conspirators, Young was charged in an eighteen-count indictment handed down by a federal grand jury on August 17, 1989. Young initially entered a plea of not guilty to all nine counts against him, but later entered into a plea agreement pursuant to which he

would plead guilty to counts one and sixteen and the government would dismiss the remaining counts. At the Rule 11 hearing held on October 5, 1989, Young, with a copy of the indictment in front of him, indicated that he had read the plea agreement and discussed it with counsel. Since Young also told the district court that he understood and was guilty of the offenses charged in counts one and sixteen, the district court concluded that Young understood both the nature of the charges against him and the consequences of his guilty plea. Thus, the district court accepted the plea.

On January 17, 1990, however, Young sent a letter to the district court in which he sought to withdraw his guilty plea. Young alleged that he did not understand the technicalities of the agreement, such as knowingly and wilfully using a firearm, that the elements of the conspiracy were too broad for the offense he committed, and that the government had not dismissed the remaining counts against him as it had agreed to do. On January 31, 1990, counsel filed a written motion to withdraw Young's guilty plea, essentially alleging the same grounds expressed by Young, with the addition of an unspecified allegation of ineffective assistance of counsel.

The district court considered the motion to withdraw at the beginning of Young's sentencing hearing on February 9, 1990. Young testified that he had not understood that he would be sentenced for a gun he claimed he did not use, and that he did not know that his offense level would include a calculation based in part on the amount of cocaine distributed by his co-conspirators. He also added that he had been "pressed into" the plea agreement, sentencing transcript at 7, because of the conditions at the county jail where he was being held. Finally, he suggested that counsel had been ineffective in failing to advise him that his plea could be conditioned on a constitutional challenge to the sentencing guidelines. Following Young's testimony, the district court denied the motion to withdraw "for lack of credible supporting evidence." *Id.* at 21.

The court then conducted a sentencing hearing, at which Young was sentenced to 240 months on count one and to the mandatory consecutive sentence of 60 months on count sixteen. The court also fined Young $25,000. This appeal followed.

## II. DISCUSSION

■ Young argues that the district court violated Fed.R.Crim.P. 11(c)(1) by failing to advise him of the statutory maximum and minimum sentences to which he was subject, and by failing to sufficiently inform him of the nature of his offenses. Initially, the government contends that because Young raises these Rule 11(c)(1) arguments for the first time on appeal, this court cannot consider them. We have clearly held, however, that compliance with Rule 11 is properly raised on appeal without first being presented to the district court. *United States v. Mims*, 440 F.2d 643, 644 (8th Cir.1971). As the Fifth Circuit has noted, claims of noncompliance with Rule 11 are to be resolved on the basis of the record of the plea hearing. "We can therefore adjudicate rule 11 challenges on direct appeal without an initial presentation of the particular arguments to the district court. In accepting a guilty plea, a district court always faces the issue of whether the rule 11 proceedings are adequate." *United States v. Coronado*, 554 F.2d 166, 170 n. 5 (5th Cir.), *cert. denied*, 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977). By contrast, Young's claims of ineffective assistance, that the plea bargain was not kept, and that his plea was involuntary must be presented initially to the district court on a motion to withdraw guilty plea, as they in fact were. *United States v. Murphy*, 899 F.2d 714, 716 (8th Cir.1990); *Mims*, 440 F.2d at 644.

■ In his allegations that Rule 11(c)(1) was violated, Young first argues that at no time during the Rule 11 hearing did the district court advise him that count one carried a maximum penalty of life imprisonment or a minimum penalty of ten years, or that count sixteen carried a mandatory five year consecutive sentence. Rule 11(c)(1) requires that the court inform de-

fendant of "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." In this case, the government concedes that "the record demonstrates that the district court did not literally comply with the dictates of Rule 11." Brief for Appellee at 19.

The government argues, however, that the Rule 11 transcript discloses that Young actually knew the statutory maximum and minimum sentences to which he was subject, and that this violation of Rule 11(c)(1) is harmless error under Rule 11(h). Prior to its amendment in 1983, the automatic sanction for Rule 11 violations under *McCarthy v. United States,* 394 U.S. 459, 471–72, 89 S.Ct. 1166, 1173–74, 22 L.Ed.2d 418 (1969), was to allow defendant to plead anew. *See also United States v. Drummond,* 903 F.2d 1171, 1173 (8th Cir.1990). Rule 11(h), however, adopted in 1983, provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Given that the record discloses that Young actually knew the statutory maximum and minimum sentences to which he was subject, we hold that the district court's violation of Rule 11, if it occurred at all, was harmless error.

At the plea hearing, the district court made certain that Young had the indictment in front of him. Rule 11 Transcript at 16. On its first page, the indictment set forth the statutory maximum and minimum sentences on both counts. At one point, when the court offered to read to Young counts one and sixteen from the indictment, Young specifically declined because he had the indictment before him. *Id.* at 9–10. The district court also asked Young whether he had read, understood and discussed with counsel the plea agreement, *id.* at 5–6, which provided in paragraph 10 that "[t]he parties understand and agree that the minimum sentence on Count One, required by statute, is 10 years ... and that

the sentence required by statute on Count Sixteen is 5 years ... consecutive." Young replied that he had read the plea agreement. Rule 11 Transcript at 6. Finally, the prosecutor advised Young during the plea hearing of the statutory minimum sentence on count one and the mandatory sentence on count sixteen. Apparently preempting the district court, the prosecutor addressed Young as follows:

> MR. OSSORIO: Although it's set out in the plea agreement, you understand that under the law on Count 1, the conspiracy count, the Judge must sentence you to at least 10 years, is that your understanding?
>
> MR. YOUNG: Yes, I understand.
>
> MR. OSSORIO: And that under Count 16, again, under the law, with the Judge having no discretion on that, he must sentence you to at least five more years on Count 16?
>
> MR. YOUNG: That's understood, yes.

*Id.* at 18.[1] Thus, it is clear from the record that Young was actually aware of the statutory maximum and minimum sentences, regardless of the district court's failure to personally advise him of them.

We are mindful that the advisory committee notes to Rule 11(h) indicate that, because alleged Rule 11 violations must be reviewed from the Rule 11 transcript alone, instances in which Rule 11 violations constitute harmless error will be rare. As an illustrative example of harmless error, the committee notes cite *United States v. Coronado,* 554 F.2d 166 (5th Cir.), *cert. denied,* 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977), in which Rule 11 was violated "in that some essential element of the crime was not mentioned, but the defendant's responses clearly indicate his awareness of that element." Conference Committee Notes to Rule 11. While this circuit has not yet held that Rule 11(h) applies to a Rule 11(c)(1) violation,[2] we think that this

---

1. As the government points out in its brief, because 18 U.S.C. § 924(c) provides a mandatory consecutive five-year sentence on count sixteen, the prosecutor arguably overstated the minimum penalty applicable to that count. *See* Brief for Appellee at 16 n. 2.

2. In two cases, however, we have employed reasoning similar to that which we adopt in this case. In *Travis v. Lockhart,* 787 F.2d 409 (8th Cir.1986), we considered defendant's argument that his guilty plea was not voluntary because he did not understand the nature of the charges

case presents a situation analogous to that in *Coronado.* The law in several other circuits supports our conclusion.

In *United States v. Kearney,* 750 F.2d 787 (9th Cir.1984), for instance, the Ninth Circuit applied the harmless error standard of Rule 11(h) to the same violation of Rule 11(c)(1) as in this case. The Ninth Circuit found the error harmless because "it is clear from the record that Kearney was aware at the time he pleaded guilty that he could be subject to penalties as a second offender.... Because Kearney had actual knowledge of the sentencing consequences of his guilty plea, his rights cannot be said to have been substantially affected." *Id.* at 791.[3] Similarly, in *United States v. Peden,* 872 F.2d 1303, 1307 (7th Cir.1989), the Seventh Circuit found that the district court's violation of Rule 11(c)(1) in failing to advise defendant that restitution could be imposed was harmless error under Rule 11(h) where the record disclosed that defendant knew that restitution could be ordered. *See also United States v. Vance,* 868 F.2d 1167, 1171–72 (10th Cir.1989) (assuming failure of district court to advise defendant of possibility of restitution, such failure was harmless where record disclosed that defendant was aware that restitution could be imposed).

In so applying Rule 11(h), we disagree with *United States v. Pierce,* 893 F.2d 669 (5th Cir.1990), in which the Fifth Circuit held that the harmless error analysis of

Rule 11(h) "does not apply," *id.* at 679, to the district court's failure to advise defendant of the statutory maximum and minimum penalties. The Fifth Circuit reasoned that the district court's failure to personally address the defendant in open court in compliance with Rule 11(c)(1) violated "Rule 11's core requirement that the defendant be informed of and understand the direct consequences of his plea," *id.,* and, thus, that the error required reversal. The court did not discuss whether it appeared from the record that defendant knew of the statutory penalties.

We think that the better analysis is that which accounts for the language of Rule 11(h), that any variance "which does not affect substantial rights shall be disregarded." A defendant's decision to plead guilty, made with actual knowledge of the statutory penalties to which the defendant is subject, cannot be affected by the district court's failure to personally tell the defendant what he already knows. Accordingly, we hold that because the Rule 11 transcript clearly discloses that Young actually knew of the statutory maximum and minimum sentences, the district court's error, if any, was harmless.

■ Young also argues that the district court violated Rule 11(c)(1) because it did not sufficiently inform him of the nature of the charges against him. The district court, however, asked Young, as to count

---

or the range of possible punishment. Because the case involved a collateral attack on a plea taken in state court, Rule 11 was not at issue. But as to defendant's claim that the district court had not advised him of the maximum and minimum sentences to which he was subject, we held that the record revealed the argument to be without merit. "Although it does not appear that appellant was expressly advised of the minimum possible sentence for first degree murder, the transcript of the guilty plea proceeding showed that appellant understood and accepted the recommended sentence of twenty years, which is the minimum sentence ... under Arkansas law." *Id.* at 410. And in *United States v. Drummond,* 903 F.2d 1171 (8th Cir.1990), we applied the harmless error analysis of Fed.R. Crim.P. 52(a) to a violation of Rule 32(a)(2), which requires the district court to advise defendant of his right to appeal. Because the record disclosed that defendant actually knew of his right to appeal, the district court's failure to so

advise him did not affect his decision to plead guilty.

3. We note that this case is not like *United States v. Jaramillo–Suarez,* 857 F.2d 1368 (9th Cir. 1988), in which the Ninth Circuit distinguished *Kearney.* In *Jaramillo–Suarez,* the Ninth Circuit declined to apply Rule 11(h) to a violation of Rule 11(c)(1) because it was not clear from the record that the violation did not affect defendant's substantial rights. "It does not appear from the record that Suarez knew the maximum sentence that could be imposed before he entered his plea. Nor does the record show that the district court judge inquired of Suarez whether he had read the presentence report which disclosed a maximum possible federal sentence." *Id.* at 1372. By contrast, the Rule 11 transcript is clear in this case that Young actually knew the maximum and minimum penalties to which he was subject.

one, whether he agreed with the named co-conspirators to distribute an appreciable amount of cocaine. Young replied: "Yes, we did conspire to distribute cocaine." Rule 11 Transcript at 16–17. As to count sixteen, the court asked Young whether he had used a firearm during and in relation to the conspiracy. He replied: "Yes, I did." *Id.* at 17. As in *Harvey v. United States*, 850 F.2d 388, 396 (8th Cir.1988), in which defendant indicated at the plea hearing that he had read the indictment and understood the charges against him, "[s]uch statements at the plea hearing provide persuasive evidence of an understanding" of the nature of the charges.

[5] More specifically, Young argues that the district court did not tell him that the cocaine and cocaine base distributed by his co-conspirators could be considered at his sentencing. The amount of cocaine to be used in calculating Young's base offense level, however, has nothing to do with Rule 11's requirement that Young understand the nature of the offense, for the amount of cocaine involved in the offense is a matter for sentencing. Young's argument essentially suggests that the district court must notify him at the Rule 11 hearing of the guideline range to which he is subject. We have specifically rejected this argument. *United States v. Thomas*, 894 F.2d 996, 997 (8th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 1935, 109 L.Ed.2d 298 (1990). Accordingly, we find no violation of Rule 11(c)(1) on these grounds.

## III. CONCLUSION

We have considered Young's other arguments on appeal and find them to be without merit. For the reasons stated, the judgment of the district court is affirmed.

McMILLIAN, Circuit Judge, concurring *in part and dissenting in part.*

I respectfully dissent. I do not agree that the district court's failure to comply with Fed.R.Crim.P. 11(c)(1) was harmless error. Accordingly, I would reverse Young's conviction and remand with instructions to allow Young to plead anew.

At the outset, I take issue with the majority's failure to acknowledge that the instant case does, in fact, present a violation of Rule 11(c)(1).[1] Rule 11 provides in pertinent part:

**(c) Advice to Defendant.** Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term....

The Rule unequivocally places an affirmative duty on the district judge to personally inform the defendant of, inter alia, the range of available legal penalties. As the Supreme Court stated in *McCarthy v. United States*, 394 U.S. 459, 467, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969), "we reject the Government's contention that Rule 11 can be complied with although the district judge does not personally [make the Rule 11 inquiries]."[2]

Here, the district judge did not personally advise Young of the minimum and maximum sentences to which he was subject. The fact that the judge established that Young had read the indictment and plea agreement is, in my opinion, insufficient to satisfy the unequivocal dictates of Rule 11(c)(1). I therefore would hold, without reservation, that the district judge violated Rule 11(c)(1). *See, e.g., Harvey v. United*

---

1. The majority holds that "the district court's violation of Rule 11, if it occurred at all, was harmless error," *see supra* p. 1062; and "the district court's error, if any, was harmless," *see supra* p. 1063.

2. While *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), was decid-

ed before the Rule 11(h) amendment, providing for harmless error, the Conference Committee Notes on Rule 11(h), 1983 amendment, provide that "[s]ubdivision (h) makes *no change* in the responsibilities of the judge at Rule 11 proceedings."

*States,* 850 F.2d 388, 395 (8th Cir.1988) (Rule 11 violation where district judge did not read indictment to defendants though each said he had read it and one said he understood charges against him; court should have explained charges instead of relying on counsel to do so); *United States v. Bernal,* 861 F.2d 434, 437 (5th Cir.1988) (same; even if in presence of court defendant reads plea agreement containing nature of charges); *Mack v. United States,* 635 F.2d 20, 26 (1st Cir.1980) (same; where court depended on private reading of indictment by defendant and counsel, and accepted counsel's statement that defendant appreciated meaning of plea) (subsequent history omitted); *United States .v. Wetterlin,* 583 F.2d 346, 351 (7th Cir.1978) (reading indictment is not substitute for explicit requirement that judge personally, in open court, on record, determine defendant knows and understands nature of charges); *United States v. Coronado,* 554 F.2d 166, 172–73 & n. 11 (5th Cir.1977) (Rule 11 and *McCarthy v. United States* require district court to address defendant personally).

Whether or not, in light of Rule 11(h), certain Rule 11 violations may still result in a per se reversal,[3] here, harmless error clearly was not established. The Conference Committee Notes to Rule 11(h), 1983 amendment, provide that "subdivision (h) should *not* be read as supporting ... speculative harmless error claims.... Indeed, it is fair to say that the kinds of Rule 11 violations which might be found to constitute harmless error upon direct appeal are fairly limited."

Notably absent from the majority's opinion is the standard utilized in its harmless error analysis. Because Rule 11 is grounded on constitutional principles, I believe that the proper standard is harmless error beyond a reasonable doubt. *See United States v. Kamer,* 781 F.2d 1380, 1386 (9th Cir.1986) ("establish beyond doubt"). Even considering a clear and convincing standard, *cf. United States v. Drummond,* 903 F.2d 1171, 1175 (8th Cir.1990) (Rule 32(a)(2) violation was harmless error where government established by clear and convincing evidence that defendant knew of right to appeal), my opinion in the instant case remains the same.

I do not agree with the majority's conclusion that "the Rule 11 transcript clearly discloses that Young actually knew of the statutory maximum and minimum sentences," *supra* p. 1063, and thus, that the facts permit a finding of harmless error. Indeed, if anything, the transcript is indicative of the district court's and the parties' confusion about the proceedings, and, as evidenced in footnote 1 of the majority's opinion, the government's own confusion about the sentencing ranges.

First, although Young had the indictment before him, I find untenable the majority's reliance upon the cryptic notions ("NLT ... " and "NMT ..."), located to the right of the caption of the eight-page, eighteen-count indictment, in concluding that Young was adequately informed of and understood the statutory maximum and minimum sentences of the two counts to which he pleaded. Moreover, I do not understand the majority's reliance on the fact that Young declined the court's offer to read counts one and sixteen from the indictment, for these counts did not set forth the

---

**3.** The Conference Committee Notes to Rule 11(h), 1983 amendment, illustrate instances where there would *not* be harmless error under subdivision (h) with examples such as:

> where ... as in *McCarthy,* there had been absolutely no inquiry by the judge into defendant's understanding of the nature of the charge and the harmless error claim of the government rests upon nothing more than the assertion that it may be "assumed" defendant possessed such understanding merely because he expressed a desire to plead guilty[;] ... [or where] the trial judge totally abdicated to the prosecutor the responsibility for giving to the defendant the various Rule 11 warnings, as

this "results in the creation of an atmosphere of subtle coercion that clearly contravenes the policy behind Rule 11." *United States v. Crook,* 526 F.2d 708 (5th Cir.1976).

*See also United States v. Pierce,* 893 F.2d 669, 679 (5th Cir.1990) (district court's complete failure to address Rule 11 core requirement ordinarily requires reversal and will not be treated as harmless error); *United States v. Gonzalez,* 820 F.2d 575, 579–81 (2d Cir.1987) (per curiam) (district judge's failure to make any Rule 11(d) inquiry not of kind Conference Committee on Rules considered might constitute harmless error; guilty plea vacated).

relevant minimum and maximum penalties Young faced.

I further take issue with the majority's statements, "The district court also asked Young whether he had read, understood and discussed with counsel the plea agreement, [Rule 11 Transcript] at 5–6. . . . Young replied that he had read the plea agreement." *Supra* p. 1062. I believe that the majority erroneously relies upon the colloquy at pages 5–6 of the guilty plea transcript as establishing Young's knowledge of the sentences he faced. The transcript reveals at page 7 that all antecedent dialogue between the district court and Young relative to the plea agreement had been based upon the district court's erroneous belief that a prior record had been made of Young's change of plea in this case. At pages 7–8, counsel informed the court that earlier in the week, Young had actually indicated he did not wish to enter into the plea agreement, and that there was no prior record regarding Young's change of plea. After the error was brought to the court's attention, the court stated, "All right. Let's start all over then. We had several other pleas in this case but we'll start all over. Is that agreeable with you, Mr. Young? Let's just start from the very beginning." (Tr. at 8). The only subsequent discussion of the plea agreement is found at page 11 of the transcript, where the following dialogue took place:

THE COURT: You've not had anything promised to you that is not in the written plea bargain and you've not had anybody try and lean on you or pressure you into making these pleas of guilty, rather they are in fact your voluntary pleas, correct?

YOUNG: Yes.

THE COURT: And you told me that you want me to accept the plea bargain and I think I asked you, but if not, I'll ask you now—who has the plea bargain agreement? Do I have it?

DEFENSE COUNSEL: I've got it.

THE COURT: I just want to ask him—is this your signature that's on the plea bargain agreement, sir?

YOUNG: Yes, sir.

THE COURT: And is that your voluntary signature?

YOUNG: Yes, sir.

THE COURT: And you're joining in the plea bargain as your voluntary act?

YOUNG: Yes, sir.

In addition, upon my review of the plea transcript, including pages 5–6, I see no indication that anyone asked Young if he *understood* the plea agreement, and more importantly, the sentencing information contained therein. Thus, even if Young actually had read the agreement, I would not find harmless error, as I do not consider the ability to read to be synonymous with the ability to understand what one has read. I emphasize this point because I find the dispositive question regarding Rule 11(h)'s harmless error analysis to be whether Young understood the possible minimum and maximum sentences when he pleaded guilty. Furthermore, a defendant's statement that he had discussed with counsel a document containing, amongst many other things, the range of available sentences does not, in my opinion, establish that the defendant necessarily understood the minimum and maximum sentences he faced.

As to the majority's reliance on the fact that the prosecutor advised Young during the plea hearing of the statutory minimum sentence on count one and the mandatory sentence on count sixteen, I point out that the plea proceeding was devoid of any colloquy informing Young of the maximum penalty on count one, or the possible terms of supervised release and fines on counts one and sixteen.

Last, I find inapposite three of the four cases the majority cites in support of its conclusion of harmless error. In *United States v. Kearney*, 750 F.2d 787 (9th Cir. 1984), the issue was whether Kearney's conviction was invalid because he was not informed at his guilty plea hearing that he could be sentenced as a second offender. At the plea hearing, the magistrate expressly stated, "I can tell you right now that I'll view [Kearney] as a second offender" for purposes of sentencing. *Id.* at 790. In *United States v. Peden*, 872 F.2d 1303 (7th Cir.1989), the court failed to inform the

defendant that his sentence could include restitution. The Seventh Circuit found harmless error, because Peden stated that he understood restitution could be a part of his sentence, and he argued for probation in order to meet the requirement of making restitution. *Id.* at 1307. He also said that he had read a copy of the presentence report, which included a comment that restitution could be ordered by the court as part of his sentence, *and that he understood its contents. Id.* at 1308–09 & n. 4.

In *United States v. Coronado,* 554 F.2d 166, 169 (5th Cir.1977), the defendant pleaded guilty to a drug conspiracy. At the plea hearing, the prosecutor read to Coronado the indictment, which charged that Coronado and two codefendants knowingly and intentionally combined, conspired, confederated, and agreed to unlawfully possess cocaine. *Id.* Although the district court did not explain to Coronado the meaning of "conspiracy," the Fifth Circuit found no reversible error "because the Rule 11 proceeding on its face disclose[d], despite the trial court's failure sufficiently to make the required explication of the charges, that Coronado understood them." *Id.* at 173. Moreover, "[m]any of the statements upon which [the court] rel[ied] in concluding that Coronado understood the charges came as part of a direct discussion between Coronado and the judge." *Id.* at 173 n. 11. Thus, unlike the case at bar, the record in each of the above cases evidenced the defendants' actual knowledge of the consequences of their guilty pleas.[4]

I believe that the instant case is analogous to *United States v. McCarthy,* 394 U.S. 459, 89 S.Ct. 1166, where there was no inquiry by the trial judge into defendant's understanding of the nature of the charge, and to *United States v. Crook,* 526 F.2d 708 (5th Cir.1976) (per curiam), where the judge abdicated to the prosecutor the re-

sponsibility for giving the Rule 11 warnings. The Conference Committee Notes to Rule 11(h), 1983 amendment, cite both of these cases as illustrative instances where there would not be harmless error.

Accordingly, I respectfully dissent as to the majority's Rule 11 holding. I would reverse Young's conviction and remand with instructions to permit Young to plead anew.

---

4. In *United States v. Vance,* 868 F.2d 1167, 1171 (10th Cir.1989), also relied upon by the majority, the sparse record made it impossible to determine whether the district court had informed the defendant that restitution was a sentencing possibility. The Tenth Circuit concluded, assuming the judge failed to so inform the defendant, that there was harmless error because the plea agreement informed the defendant of the

possibility of a fine in excess of the restitution amount ultimately ordered, and the defendant's petition to enter a plea of guilty specifically stated that his attorney had informed him of the possibility of restitution. *Id.* at 1171–72. I would disagree with this conclusion; in any event, *Vance* is distinguishable on the ground that it involved merely the restitution aspect of the sentence.