**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bonnie K. HOURIHAN,
Defendant–Appellant.**

**No. 90–3781.**

United States Court of Appeals,
Eleventh Circuit.

July 2, 1991.

Gary Dorst, Gary R. Dorst, P.A., Orlando, Fla., for defendant-appellant.

Daniel N. Brodersen, Asst. U.S. Atty., M.D., Fla., Orlando, Fla., for plaintiff-appellee.

Before ANDERSON and DUBINA, Circuit Judges, and ESCHBACH *, Senior Circuit Judge.

PER CURIAM:

In this direct appeal, appellant Bonnie K. Hourihan challenges her plea of guilty. For the reasons stated below, we reverse.

### I. FACTS

Appellant Hourihan was charged in a three-count indictment relating to marijuana-growing activities. The following notation, apparently referring to count two, appeared on the first page of the indictment at the top right hand corner under the case number: "[21 USC § 841(a)(1)—5 to 40 years and/or $2,000,000 and at least 4 years supervised release]." Pursuant to a

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

written plea agreement, Hourihan pled guilty to count two of the indictment, manufacture of marijuana plants in violation of 21 U.S.C. § 841(a)(1). Although § 841(a)(1) provides for a mandatory minimum prison term of five years and a maximum term of 40 years, *see* 21 U.S.C. § 841(b)(1)(B), the plea agreement was inconsistent with a five-year mandatory minimum sentence. The plea agreement stated that sentencing would be in accordance with the guidelines and that the offense carried a maximum sentence of 40 years in prison, a $2,000,000 fine, and four years supervised release. The government agreed to recommend at sentencing that Hourihan receive offense level reductions under the Sentencing Guidelines for acceptance of responsibility, minimal participation, and cooperation with the government. The government also agreed not to oppose a sentence at the low end of the guideline range or even below the guideline range. Taking these recommended reductions into account, the plea agreement contemplated a sentencing range of 33–41 months.

The appellant subsequently entered a guilty plea, which the district court accepted. With regard to the consequences of the plea, the following colloquy occurred:

*THE COURT:* With regard to Count Two, I believe that is a maximum count of five to forty years and a two million dollar fine, plus a four year supervised release period. Do you understand that that's the maximum the court could sentence each of you?

*DEFENDANT HOURIHAN:* Yes, sir.

The district court also asked each defendant at the plea hearing whether their attorneys had explained to them that they were facing 63 to 78 months under the Sentencing Guidelines. Hourihan responded that she understood.

After the plea hearing, Hourihan received her copy of the Presentence Investigation Report. This report noted the five-year mandatory minimum sentence. This was apparently the first time that she learned of the statute's requirement. Hourihan then filed a motion to withdraw her plea pursuant to Fed.R.Crim.P. 32(d).[1] The Rule 32(d) motion stated the above facts, but the district court denied the motion without explanation or an evidentiary hearing. The district judge subsequently sentenced Hourihan to the mandatory minimum term of five years, to be followed by a period of supervised release. Hourihan filed this appeal.

## II. DISCUSSION

Hourihan argues that the district court failed to comply with Fed.R.Crim.P. 11(c)(1), that her plea is therefore invalid, and that she should be allowed to plead anew.[2] The relevant part of Rule 11(c)(1) provides that:

Before accepting a plea of guilty ..., the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

(1) the nature of the charge to which the plea is offered, *mandatory minimum penalty provided by law*, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term....

Fed.R.Crim.P. 11(c)(1) (emphasis added). We agree with Hourihan that the district court's Rule 11 colloquy did not properly advise her of the mandatory minimum sentence imposed by § 841(a)(1). The district judge failed to inform Hourihan, and to

1. Rule 32(d) provides:
   If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.

2. In light of our resolution of this case, we do not address Hourihan's argument that the district court abused its discretion by refusing to grant an evidentiary hearing on her motion to withdraw her guilty plea.

determine that she understood, that the court was required to sentence Hourihan to a minimum five-year period of incarceration. Thus, the district court violated Rule 11(c)(1).

The government argues that the district court satisfied Rule 11's requirement that the defendant be advised of any minimum mandatory sentence by advising Hourihan that the sentencing range was five to 40 years. The government argues that such a range implies a minimum of five years. However, the government misperceives the transcript of the plea hearing. The district court clearly referred to the range of five to 40 years as a maximum sentence. The government also notes that the district court asked defendant at the plea hearing whether her attorney had explained that the guideline range for the offense was 63–78 months and that the defendant responded affirmatively. Again, the transcript of the Rule 11 hearing belies the government's suggestion that this constitutes advice that the minimum sentence would be at least 63 months. The transcript reveals the context of the discussion concerning the range of 63–78 months. The court asked what the offense level was "without any additions or reductions." The attorney indicated that the base offense level was 26 and that the criminal history level of 0 indicated category 1. The guidelines provide a range of 63–78 months for a base offense level of 26 in category 1. Thus, the Rule 11 transcript clearly indicates that the discussion of 63–78 months

referred to the guideline range without the reductions for acceptance of responsibility, minimal participation, and cooperation with the government, which the government agreed to recommend in the plea agreement.

The government also argues that Hourihan should not be permitted to plead anew because the indictment, which of course was available to Hourihan, carried the above-quoted notation which the government argues informed Hourihan of the five year minimum mandatory sentence. The government's argument is without merit for several reasons. The notation—"[21 U.S.C. § 841(a)(1)—5 to 40 years and/or $2,000,000 and at least 4 years supervised release]"—does not inform defendant of the minimum mandatory sentence. Because of the use of the word "or," a reasonable person could interpret the notation as indicating either a sentence of incarceration or a fine plus supervised release. This is especially true in light of the plea agreement in this case which obviously contemplated a term of incarceration of far less than five years and in light of the plea colloquy during which the judge indicated that the five to 40 years was a maximum rather than a minimum. Moreover, there is no indication in the record that Hourihan read and understood this portion of the indictment.[3]

For the foregoing reasons, we conclude that Rule 11(c)(1) was violated because of the failure to advise Hourihan and deter-

**3.** Comparison of this case with *United States v. Young*, 927 F.2d 1060 (8th Cir.1991), illustrates the Rule 11 error in this case, and also supports our conclusion below that the error is not harmless. In *Young*, the Eighth Circuit concluded that the failure of a district court to advise the defendant of a mandatory minimum sentence was harmless error under Rule 11(h) where: (1) the district court made certain that the defendant had the indictment in front of him, which set out the statutory minimum and maximum sentences; (2) the district court asked the defendant whether he had read, understood, and discussed with counsel the plea agreement, which specified a minimum sentence of 10 years; and (3) the prosecutor at the plea hearing directly asked the defendant at the plea hearing whether he understood that the judge must sentence him

to at least 10 years. Thus, the court concluded that "it is clear from the record that [the defendant] was actually aware of the statutory maximum and minimum sentences, regardless of the district court's failure to personally advise him of them." *Young*, 927 F.2d at 1062. In the instant case, the facts are almost exactly the opposite. There is no indication in the record that the defendant was directed to the relevant portion of the indictment, or that she understood or had even read the relevant portion of the indictment; the plea agreement clearly contemplated a guideline sentence substantially lower than the five-year mandatory minimum; and there is no indication in the record that the defendant was ever advised of the mandatory minimum sentence until she received the Presentence Investigation Report.

mine that she understood that there was a mandatory minimum penalty provided by law.

We must next determine whether the violation is harmless under Fed.R. Crim.P. 11(h).[4] That Rule provides:

> Harmless Error. Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.

The law is clear that on direct appeal the harmless error analysis is conducted on the basis of the record of the Rule 11 proceedings. The former Fifth Circuit so held in *United States v. Coronado*, 554 F.2d 166 (5th Cir.1977), *cert. denied*, 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977).[5] When Rule 11(h) was added in 1983, the Advisory Committee cited *Coronado* to reaffirm that, on direct appeal, whether a Rule 11 violation is harmless " 'must be resolved solely on the basis of the Rule 11 transcript' and the other portions (e.g., sentencing hearing) of the limited record made in such cases." Fed.R.Crim.P. 11(h) advisory committee's note. The cases from other circuits which have addressed the issue are to the same effect. *United States v. Young*, 927 F.2d 1060 (8th Cir.1991); *United States v. Goldberg*, 862 F.2d 101 (6th Cir.1988); *United States v. Jaramillo–Suarez*, 857 F.2d 1368 (9th Cir.1988); *United States v. Daniels*, 821 F.2d 76, 80 (1st Cir.1987). Consulting the record of the Rule 11 proceedings in this case, the discussion earlier in this opinion makes it clear that there is no indication in the record that Hourihan knew of the five-year minimum mandatory sentence. To the contrary, it is apparent from the plea agreement that Hourihan, her attorney, and the government's attorney contemplated a sentence considerably below five years. Thus, we conclude that the Rule 11 error was not harmless.

Accordingly, the judgment of the district court is REVERSED, and the case is REMANDED to permit Hourihan to enter a new plea.

---

**4.** We assume arguendo that the district court's error can be harmless under Rule 11(h). In light of our conclusion that the instant error is not harmless, we need not address an issue which has divided the circuits—*i.e.*, whether Rule 11(h) is applicable in a situation where the district court completely fails to address a "core concern" of Rule 11. The new Fifth Circuit has applied Rule 11(h) in light of the three core concerns of Rule 11 identified in *United States v. Dayton*, 604 F.2d 931, 935 (5th Cir.1979) (en banc), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980), which are: (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know the consequences of the plea. The new Fifth Circuit has held that Rule 11(h) is wholly inapplicable when the district court completely fails to address a core concern. *United States v. Pierce*, 893 F.2d 669, 678–79 (5th Cir.1990); *United States v. Bernal*, 861 F.2d 434, 436 (5th Cir. 1988), *reh'g denied*, 871 F.2d 490 (5th Cir.), *cert. denied*, — U.S. ——, 110 S.Ct. 203, 107 L.Ed.2d 156 (1989). Other circuits have rejected this approach and simply apply Rule 11(h) to all Rule 11 violations. *See, e.g., Young*, 927 F.2d at 1062–63; *United States v. Lovett*, 844 F.2d 487 (7th Cir.1988); *United States v. Gonzalez*, 820 F.2d 575 (2d Cir.1987); *United States v. De Le Puente*, 755 F.2d 313 (3d Cir.), *cert. denied*, 474 U.S. 1005, 106 S.Ct. 524, 88 L.Ed.2d 456 (1985); *United States v. Kearney*, 750 F.2d 787 (9th Cir. 1984). Although the Tenth Circuit will apparently apply Rule 11(h) to the Rule 11 core concerns identified in *Dayton*, it will nevertheless use the core concerns to "guide" is harmless error analysis. *United States v. Gomez–Cuevas*, 917 F.2d 1521, 1525 (10th Cir.1990).

**5.** *See also United States v. Dayton*, 604 F.2d at 938–39 ("It will be a rare case and one that we cannot presently envisage in which we look beyond the transcript of the arraignment in passing on an appeal after a guilty plea.") Cases decided by the former Fifth Circuit prior to the close of business on September 30, 1981, are binding precedent under *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).