972 F.2d 354
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Willie SIMMONS, Appellant,
v.
Paul CASPARI, Superintendent; Attorney General of the State
of Missouri, Appellees.
 No. 91-2864.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 17, 1992.
Filed: August 14, 1992.
 
 Before JOHN R. GIBSON and BEAM, Circuit Judges, and MORRIS SHEPPARD ARNOLD,* District Judge.
 PER CURIAM.
 
 
 1
 Willie Simmons appeals from the denial of his petition for writ of habeas corpus brought under 28 U.S.C. § 2254 (1988). He argues that the district court[1] erred in (1) denying him an evidentiary hearing, (2) rejecting his claims based on ineffective assistance of counsel, and (3) failing to appoint counsel. We affirm the denial of the writ.
 
 
 2
 Simmons was convicted of assault in the first degree and armed criminal action and sentenced to a total of 18 years imprisonment on the two charges. The Missouri Court of Appeals affirmed the convictions. State v. Simmons, 751 S.W.2d 85 (Mo. Ct. App. 1988). The convictions arose out of an incident in which Simmons beckoned his former in-home nursing assistant to his house for assistance and ended up shooting her five times. After exhausting all his state remedies, Simmons filed a writ of habeas corpus in federal court. His petition was referred to a magistrate judge, who issued a report and recommendation that the district court fully adopted. Simmons v. Caspari, No. 90-2371C(3) (E.D. Mo. July 3, 1991). Simmons raised some fifteen grounds for relief in his petition. The magistrate judge determined that five of the issues were procedurally barred because Simmons did not present them in state post-conviction relief proceedings, and three more were procedurally barred because Simmons failed to raise them on appeal in those same proceedings.[2] Simmons showed neither adequate cause to excuse his failure to properly raise these claims, nor prejudice resulting from the state courts' failure to address the merits of the claims.
 
 
 3
 The magistrate judge then considered the merits of Simmons' remaining claims, that his counsel provided ineffective assistance by failing to: (1) call two witnesses at trial, (2) impeach the victim with her medical records, and (3) file a motion to compel the prosecution to examine and fingerprint a gun Simmons owned. With respect to the two witnesses, the magistrate judge stated that Simmons had failed to demonstrate the relevance of their testimony or that he had provided counsel with their names. Second, the magistrate judge pointed out that the relevant portions of the medical records were admitted into evidence through testimony of another witness, and that impeachment of opposing witnesses is a matter of trial strategy. Finally, with respect to the gun, the magistrate judge noted that Simmons' theory evidently was that the victim was going for a .25 caliber gun when he shot her with his .38 pistol, but that Simmons had not claimed that the victim ever touched the gun. The magistrate judge concluded that Simmons had not shown that counsel's performance was deficient or that there had been prejudice. The magistrate rejected Simmons' remaining claims, which he has not raised on appeal. The district court adopted the magistrate judge's report and recommendation.
 
 
 4
 Simmons first argues that the district court erred in failing to grant him a hearing, as the state record is insufficient to support a determination that there was no ineffective assistance of counsel. Relying on Townsend v. Sain, 372 U.S. 293 (1963), overruled on other grounds by Keeney v. Tamayo-Reyes, 112 S. Ct. 1715 (1992), he claims that "the state factual determination [was] not fairly supported by the record as a whole." Id. at 313.
 
 
 5
 Simmons was granted an evidentiary hearing at the state court level, where material facts were developed and factual disputes were resolved (albeit not in Simmons' favor). The record was sufficiently developed and provided support for the state court's factual determinations, allowing the district court to accord them a presumption of correctness. See 28 U.S.C. § 2254(d); Kellogg v. Scurr, 741 F.2d 1099, 1101 (8th Cir. 1984). Simmons argues that ineffectiveness is not a "fact" afforded a presumption of correctness. The magistrate judge, however, correctly differentiated between findings of fact subject to presumptions of correctness and legal issues, which are not. The record before the district court was sufficient for a thorough examination of the claims of ineffective assistance of counsel, and the district court did not err in refusing to grant Simmons an evidentiary hearing.
 
 
 6
 Neither did the district court err in adopting the magistrate judge's determination that Simmons was not denied effective assistance of counsel. Simmons' allegations, general in nature, fail to show how his counsel's actions meet the standards of ineffective assistance set out in Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 7
 Finally, the district court did not err in refusing to appoint counsel for Simmons. The Supreme Court has made clear that there is no Sixth Amendment right to counsel in state post-conviction proceedings. Coleman v. Thompson, 111 S. Ct. 2546, 2566 (1991). Similarly, we have held that "there is no constitutional underpinning for the claimed right to effective assistance [of counsel] in [a federal] habeas action." Blair v. Armontrout, 916 F.2d 1310, 1332 (8th Cir. 1990), cert. denied, 112 S. Ct. 89 (1991). A district court does not abuse its discretion by denying appointment of counsel when it can resolve a habeas petitioner's claims based on the state court record. Travis v. Lockhart, 787 F.2d 409, 411 (8th Cir. 1986) (per curiam).
 
 
 8
 We affirm the district court's denial of the writ.
 
 
 
 *
 The Honorable Morris Sheppard Arnold was United States District Judge for the Western District of Arkansas at the time this case was submitted and was appointed Circuit Judge of the United States Court of Appeals for the Eighth Circuit on June 1, 1992
 
 
 [1]
 The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri, who retired June 30, 1992
 
 
 [2]
 In his brief, Simmons invites us to address some of these defaulted issues, but we refuse to do so