23 F.3d 403
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy JACKSON, a/k/a Shabazz King, Defendant-Appellant.
 No. 92-5730.
 United States Court of Appeals, Fourth Circuit.
 Submitted November 17, 1993.
Decided May 4, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-90-302-G)
 William C. Ingram, Floyd, Allen & Jacobs, Greensboro, NC, for appellant.
 Benjamin H. White, Jr., and David B. Smith, Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINSON, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Timothy Jackson pled guilty to violating 21 U.S.C.A.Sec. 846 (West Supp.1993), conspiring to possess with the intent to distribute cocaine, conspiring to distribute cocaine, and conspiring to employ or use persons under the age of eighteen years to possess with the intent to distribute cocaine. On appeal, Jackson's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), noting two issues but stating that, in his view, there are no meritorious issues for appeal. Jackson has been notified of his right to file a supplemental brief but has not filed any brief. After a thorough review of the parties' briefs and the record, we affirm.
 
 I.
 
 2
 At Jackson's plea hearing, the district court questioned his attorney, asking if the attorney had sufficient time to prepare the case and to discuss it with Jackson. In Jackson's presence, the court also inquired into the maximum punishment which could be imposed.[1]
 
 
 3
 After Jackson stated that he had read the plea agreement and that he understood it, the court proceeded with the Rule 11 colloquy. The court informed him of the nature of the charges to which the plea was offered, that the court was required to consider applicable sentencing guidelines, that the court could depart from the guidelines, that he had a right to plead not guilty, that he had the right to a jury trial, and that pleading guilty would waive the right to a trial. Accordingly, the district court held that the plea was informed, voluntary, and with effective assistance of counsel. However, the court failed to specifically inform Jackson about mandatory minimum penalties and the effect of supervised release. After Jackson agreed with the government's evidence in the case, the court found that there was a factual basis for the plea and found him guilty.
 
 
 4
 Based on a total offense level of thirty-three and a criminal history category of II, the court sentenced Jackson to 151 months of incarceration[2] and ten years of supervised release, and ordered him to pay a special assessment of $50.
 
 
 5
 Jackson's attorney has filed an Anders[3] brief in which he notes, (1)that the district court erred in not informing Jackson about the mandatory minimum and the effect of supervised release, and (2) that Jackson raised some concern about the effectiveness of his trial counsel.
 
 II.
 
 6
 By failing to inform Jackson of the applicable mandatory minimum and the effect of the supervised release term, the district court erred. Fed.R.Crim.P. 11(c)(1). Nonetheless, on the facts in this case, we find that this error was harmless. See United States v. DeFusco, 949 F.2d 114 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992); United States v. Young, 927 F.2d 1060 (8th Cir.), cert. denied, 60 U.S.L.W. 3342 (U.S.1991). We note that Jackson was informed of the mandatory minimum and the effect of supervised release in his written plea agreement. Moreover, we note that Jackson stipulated to an offense level above the statutory minimum. Therefore, the omissions at the plea colloquy clearly did not affect Jackson's substantial rights. DeFusco, supra.
 
 III.
 
 7
 Jackson also alleges that he was denied effective assistance of counsel. It is not our practice to address claims of ineffective assistance of counsel on direct appeal, and we decline to do so here. Ordinarily, we require that an appellant first assert such a claim in a collateral proceeding under 28 U.S.C. Sec. 2255 (1988), so that the trial court can develop a more complete evidentiary record with regard to counsel's performance. E.g., United States v. Tatum, 943 F.2d 370, 379 (4th Cir.1991); United States v. Grandison, 783 F.2d 1152, 1156-57 (4th Cir.), cert. denied, 479 U.S. 845 (1986). Because this is not a case where ineffectiveness is apparent from the trial record itself, see Grandison, 783 F.2d at 1156-57, there is no reason here to depart from this customary practice.
 
 
 8
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues for appeal. We, therefore, affirm the district court. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, see 18 U.S.C.A. Sec. 3006A (West Supp.1993), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 9
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The court stated:
 It is my understanding that, if I accept his plea of guilty to the charge in Count One, that the maximum punishment which could be imposed would be a term of imprisonment of not less than ten years nor more than life, a fine in addition to that of up to four million dollars, a period of supervised release of at least five years in addition to any active term of imprisonment, and a special assessment of $50.
 
 
 [2]
 The corresponding guideline imprisonment range is 151-188 months
 
 
 [3]
 Anders v. California, 386 U.S. 738 (1967)