# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3328

_____

United States of America,

    Appellee,

  v.

Marcelino Garibay-Gomez, also
known as Jose Garcia,

    Appellant.

\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Northern District of Iowa.
\*
\*     [UNPUBLISHED]
\*
\*
\*

_____

Submitted: June 13, 2000
Filed: June 27, 2000

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

  Marcelino Garibay-Gomez pleaded guilty to possession of methamphetamine with intent to distribute. Because of his criminal history and the quantity of drugs involved, the District Court[1] sentenced him to the mandatory minimum, 240 months in prison. On appeal, Garibay-Gomez alleges various defects in the hearing on his guilty plea and asks this Court to vacate his sentence and remand so that he may withdraw his plea and proceed to trial.

---

  [1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

Garibay-Gomez contends that he did not admit at his guilty plea hearing to possessing the quantity of methamphetamine later proved by a preponderance of the evidence at the sentencing hearing, and so he was improperly sentenced to the 240-month mandatory minimum. As the District Court noted, however, the quantity of drugs for which he could be held accountable for sentencing purposes was not an element of the substantive offense charged and so was properly "a matter for sentencing." United States v. Young, 927 F.2d 1060, 1064 (8th Cir), cert. denied, 502 U.S. 943 (1991). Garibay-Gomez admitted the factual basis that was necessary for conviction of the offense charged at the plea hearing, and the government met its burden of proof as to the drug quantity at the sentencing hearing.

Garibay-Gomez also claims that the District Court failed in its obligation to fully inform him of his rights, as required by Federal Rule of Criminal Procedure 11(c), and omitted from the Rule 11 colloquy various purported consequences of his plea. He argues that this alleged "variance" from the procedure set out in Rule 11 should nullify his plea. We have thoroughly reviewed the record and find no meaningful variance. In any case, even if the omissions Garibay-Gomez describes could properly be characterized as "variances," they were harmless to his substantial rights. See Fed. R. Crim. P. 11(h).

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-