# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1706

_____

United States of America

*Plaintiff - Appellee*

v.

Matthew Peter Fuller

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: December 20, 2018
Filed: December 27, 2018
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Matthew Fuller directly appeals after the district court[1] revoked his supervised release, and sentenced him within his Chapter 7 advisory Guidelines range. His

_____

[1] The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

counsel has moved to withdraw, and has filed a brief suggesting that the revocation sentence is substantively unreasonable, that the district court erred in denying a motion to continue the revocation hearing, and that counsel was ineffective. In pro se filings, Fuller further claims that he was misadvised by the court regarding the maximum revocation sentence he faced, and suggests that he was not competent to admit that he had committed supervised-release violations. Also pending are two motions in which Fuller challenges the manner in which some of his appellate filings have been construed by the clerk's office, and requests a remand.

We conclude that Fuller's revocation sentence, which is within the statutory limits and the undisputed Guidelines range, is not substantively unreasonable. *See United States v. Growden*, 663 F.3d 981, 984 (8th Cir. 2011) (per curiam) (holding that a revocation sentence is reviewed for substantive reasonableness under a deferential abuse-of-discretion standard); *United States v. Petreikas*, 551 F.3d 822, 824-25 (8th Cir. 2009) (applying a presumption of reasonableness to a within-Guidelines revocation sentence). We further conclude that the district court did not abuse its discretion in denying counsel's request for a continuance. *See United States v. Redd*, 318 F.3d 778, 782 (8th Cir. 2003) (noting that this court will reverse a denial of a requested continuance only upon a showing of a prejudicial abuse of discretion). Next, we decline to consider any ineffective-assistance claims on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (holding that ineffective-assistance claims are usually best litigated in collateral proceedings, where a record can be properly developed). As to the other issues raised in Fuller's pro se filings, we conclude that the district court did not abuse its discretion in failing to make a sua sponte finding that Fuller was incompetent, in light of Fuller's statements at the initial appearance. *Cf. United States v. Contreras*, 816 F.3d 502, 514 (8th Cir. 2016) (explaining that the determination of whether a defendant is competent is committed to the district court's discretion). Finally, we conclude that any error in the magistrate judge's advice regarding the maximum revocation sentence Fuller faced was harmless because Fuller's own statements clearly showed

that he knew he faced a maximum of two years in prison. *Cf. United States v. Young*, 927 F.2d 1062, 1063 (8th Cir. 1991) (holding that the district court's failure to advise the defendant of the statutory maximum and minimum penalties was harmless where the transcript clearly showed that the defendant actually knew the statutory range of punishments). We therefore affirm, and we grant counsel's motion to withdraw. In addition, Fuller's pending motions are denied.

_____