978 F.2d 1263
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Frank Kimble IVES, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 92-2065.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 22, 1992.
Filed: November 3, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Frank Kimble Ives, a federal inmate, appeals from the district court's[1] denial of his 28 U.S.C. § 2255 motion. We affirm.
 
 
 2
 On October 16, 1986, Ives pleaded guilty to engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848. The CCE count was based on conduct charged in six other counts against Ives and others alleging drug possession, distribution, and conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court dismissed these six drug counts upon the government's motion and sentenced Ives to twenty-five years imprisonment. Ives did not take a direct appeal.
 
 
 3
 Ives filed this section 2255 motion in July 1991, claiming that his sentence was illegal because his retained attorney failed to inform him that the CCE count carried a maximum penalty of more than fifteen years and that the CCE count could have been dismissed upon pretrial motion under 18 U.S.C. § 2517(5) on the ground that the wiretap which produced intercepted communications forming the basis of the charge lacked court authorization. Ives also contended that the court failed to inform him at the plea hearing of the maximum sentence for the CCE count. Lastly, Ives argued the grand jury proceeding was invalid as to the CCE count because the government presented evidence obtained by wiretap without prior court approval.
 
 
 4
 Among the exhibits provided with his motion, Ives included a copy of the combined October 1986 plea hearing and the November 1986 sentencing transcript, which was certified as correct by the court reporter on November 27, 1990. This transcript showed that, at the plea hearing, the court asked the government's attorney to recite the maximum penalty and, as reported, the government attorney stated "there is a minimum of 10 years-maximum term on that offense with no probation or parole and/or fine of up to $250,000."
 
 
 5
 The government asserted Ives was not entitled to relief. Relying on a corrected page of the plea hearing transcript attached to its response, the government claimed that the court told Ives that the CCE count carried a maximum life sentence.[2] The government also argued the corrected page showed that Ives understood the maximum sentence to which he was pleading and that the oral argument of his counsel at sentencing indicated Ives knew he faced more than fifteen years. The government argued that Ives's awareness was sufficient to establish a proper plea under United States v. Young, 927 F.2d 1060, 1061-63 (8th Cir.), cert. denied, 112 S. Ct. 384 (1991), and Travis v. Lockhart, 787 F.2d 409, 410 (8th Cir. 1986) (per curiam). The government then argued that no violation of section 2517(5) had occurred, that a pretrial motion to dismiss the count on this ground would have failed, and therefore, defense counsel would not have been ineffective for failing to make the motion.
 
 
 6
 Ives then amended his section 2255 motion to address the unexplained existence of the "corrected" transcript and to allege he could not hear the government attorney utter the maximum penalty because she spoke too softly and too quickly.
 
 
 7
 The district court denied Ives relief. The court concluded that Ives's first claim of ineffective assistance of counsel and his claim of district court error were without merit. The court noted that the corrected transcript established that Ives knew that he could be subject to a term of more than fifteen years, and that the omission of the word "life" from the original transcript was insufficient to indicate that "life" was not clearly enunciated at the hearing. Relying on United States v. Van Horn, 789 F.2d 1492, 1503 (11th Cir.), cert. denied, 479 U.S. 854 (1986), United States v. Watchmaker, 761 F.2d 1459, 1470 (11th Cir. 1985), cert. denied, 474 U.S. 1100 (1986), and United States v. Masciarelli, 558 F.2d 1064, 1068-69 (2d Cir. 1977), the court found that a motion to dismiss the CCE count on the ground that intercepted communications were presented to the grand jury in violation of section 2517(5) would have failed, and therefore, that Ives's second claim of ineffective assistance of counsel was without merit. Although section 848 was not mentioned in the applications and authorization orders for the wiretap and its extensions, the district court noted that the applications and orders nonetheless described the predicate acts upon which the CCE count was based.
 
 
 8
 We note that the same judge who originally took the plea and imposed the sentence also determined the instant § 2255 petition, and consequently his reliance upon the corrected transcript as the true record of what transpired before him during the plea proceeding is conclusive. See Fed. R. App. P. 10(e). We have carefully considered the issues raised by the appellant and conclude that the district court's findings are not clearly erroneous and no error of law appears. AFFIRMED. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri
 
 
 [2]
 The court reporter apparently corrected the original transcript after checking her notes at the request of "Dean," in October of 1991, after this section 2255 motion was filed. She included a new page five which inserted on line twenty the word "life" between the words "maximum" and "term." The district court's docket sheet neither contains an entry for the corrected transcript nor a notation indicating when the exchange of page five took place