**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 98-4545

JEFFREY LEVERING,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Robert C. Chambers, District Judge.
(CR-98-22)

Submitted: February 16, 1999

Decided: March 12, 1999

Before ERVIN, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Edward H. Weis, First
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, John L. File,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jeffrey Levering appeals his conviction and sentence for possession of a prohibited object at a federal prison, in violation of 18 U.S.C.A. § 1791(a)(2) (West Supp. 1998). He was sentenced to thirty months imprisonment consecutive to his current sentence, followed by three years of supervised release. Levering now appeals the conviction.

Counsel for Levering has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting two claims but concluding there are no meritorious grounds for appeal. Levering, informed of his right to file a supplemental brief, has not done so.

In November 1997, Jeffrey Levering was an inmate at the Federal Correctional Institution in Beckley, West Virginia, serving concurrent sentences of 210 months and 60 months for bank robbery and credit card fraud. Early that month, prison officials learned of a conflict between inmate John Johnson, a friend of Levering's, and inmate Thomas Hagar. Johnson, who was involved in a white supremacist group, suspected that Hagar was falsely claiming he held a rank in another white supremacist group, and had a tattoo from that group. Prison officials believed Levering was involved in the conflict.

On November 7, 1997, a correctional officer searched Levering and discovered an eight and three-quarter inch metal rod in a glasses case in Levering's pocket. A search of Levering's cell disclosed several racist pictures and cartoons. Levering told investigating officers that Hagar had not earned his tattoo, that he was smarting off to Johnson, and that Levering was carrying the shank for Johnson as "insurance."

Levering received an institutional charge for possessing a dangerous weapon and was sentenced to sixty days disciplinary segregation with thirty days suspended; he lost forty-one days of "good time" and

2

a year of telephone, visitation and commissary privileges. Levering pled guilty in district court to possessing a prohibited object in federal prison, in violation of 18 U.S.C. § 1791(a)(2).

On appeal, Levering asserts two claims: (1) his plea is invalid because the Government failed to proffer evidence that Levering intended to use the metal object as a weapon; and (2) the district court violated Levering's First Amendment associational rights by considering his membership in a white supremacist group as one reason for selecting the sentence imposed.

Levering argues that his plea is invalid under Fed. R. Crim. P. 11(f) because the district court failed to solicit an offer of proof that the metal rod found on Levering was designed or intended to be used as a weapon. Any Rule 11 violation is evaluated under a harmless error standard. United States v. Thorne, 153 F.3d 130, 132 (4th Cir. 1998); Fed. R. Crim. P. 11(h). Under this standard, an appellate court can vacate a conviction only if the Rule 11 violation affects substantial rights of the defendant. United States v. DeFusco, 949 F.2d 114, 117 (4th Cir. 1991).

Rule 11(f) provides that the district court should be convinced a factual basis supports a guilty plea. To fulfill this requirement, a trial court needs to subjectively satisfy itself that a sufficient factual basis exists to conclude the defendant committed all the elements of the charged offense. United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997). The trial court has wide discretion to determine whether a sufficient factual basis exists, and will be reversed only for abuse of discretion. Id. The court can consider anything in the record in evaluating whether a factual basis exists. DeFusco, 949 F.2d at 120.

In this case, the elements of the offense are as follows: (1) being an inmate of a prison; and (2) possessing a weapon or an object designed or intended to be used as a weapon. 18 U.S.C. § 1791(a)(2), (d)(1)(B). The Government proffered as a factual basis for the plea that Levering was an inmate of a federal correctional institution, and that he was searched and found with a homemade knife he admitted possessing. Levering argues there was no proffer that the object was designed or intended to be used as a weapon. But the district court is entitled to consider the entire record in assessing factual basis. Lever-

3

ing admitted to the court that he was in possession of a contraband weapon, a homemade knife, which he knew was prohibited. The district court did not abuse its discretion in considering this admission to supply the factual basis for that element of the offense. Thus, this claim lacks merit.

Next, Levering asserts that the district court violated his First Amendment rights of freedom of association by improperly considering Levering's connection with a white supremacist group at sentencing. Levering did not raise this claim before the district court; therefore, we review it for plain error. United States v. Walker, 112 F.3d 163, 165 (4th Cir. 1997).

Levering does not challenge the computation of the guideline range, but asserts the district court was unconstitutionally motivated to impose a sentence in the middle rather than at the low end of that range. The district court explained its reasons for the selected sentence as follows:

> Mr. Levering, I must tell you that when I first read the presentence report, my inclination was to seriously consider giving you the maximum amount of time of incarceration provided for under the guidelines.
>
> Quite frankly, I think that your reason for having the weapon is not in any sense a justification or reasonable excuse. The fact that you had this weapon with the intention that it be used if necessary in a confrontation occurring between these racist supremacist groups within the prison is not at all a mitigating factor in my judgment. And because of the Court's concern over that type of conduct occurring in prison and the danger that it presents to the guards and the other prisoners, I was very much inclined to give you the maximum amount of time that I would be permitted to.

(Emphasis added). The court went on to state that counsel for Levering had persuaded him to consider the institutional punishment Levering had already received; therefore, the court selected a sentence in the middle range. Clearly, the district court mentioned the white supremacist group only to reject any assertion that Levering was justi-

4

fied or less culpable in his conduct because he carried the weapon for "insurance" in a potential conflict. This is not the same as punishing Levering for associating with a white supremacist group.

As the district court sentenced within the guideline, without any suggestion of an unconstitutional motivation, we cannot review the sentencing court's discretion to select a sentence within a properly computed sentencing range. <u>United States v. Pridgen</u>, 64 F.3d 147, 149 (4th Cir. 1995). Therefore, this claim lacks merit.

As required by <u>Anders</u>, we have independently reviewed the entire record in this case and find no reversible error. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We affirm Levering's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

5