**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

EDWARD J. REINERS,
Defendant-Appellant,

IBM CREDIT CORPORATION; GAIL
REINERS; BANK OF MONTREAL; SIGNET
BANK, NA; CREDITANSTALT

CORPORATE FINANCE, INCORPORATED;
HITACHI CREDIT AMERICA
CORPORATION; NATIONSBANK, NA;
THE LONG-TERM CREDIT BANK OF
JAPAN LIMITED; CORESTATES BANK
NA; THE UNSECURED CREDITORS
COMMITTEE OF NELCO, INCORPORATED;
SHERMAN B. LUBMAN; EZRA H.
COHEN,
Parties in Interest.

No. 98-4433

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CR-96-61)

Submitted: July 6, 1999

Decided: July 28, 1999

Before WIDENER, WILLIAMS, and MOTZ,
Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

## COUNSEL

Robert V. Roussos, ROUSSOS & LANGHORNE, Norfolk, Virginia; John B. Amrod, AMROD & RICCI, Garden City, New York, for Appellant. Helen F. Fahey, United States Attorney, Justin W. Williams, Assistant United States Attorney, John J. Klein, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Edward J. Reiners pled guilty to bank fraud, 18 U.S.C. § 1344 (1994) (Count One), and money laundering, 18 U.S.C.A. § 1956(a)(1)(A)(i) (West Supp. 1999) (Count Two). He contends on appeal that his guilty plea was involuntary because the district court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure. He further asserts that he received ineffective assistance of counsel in connection with his guilty plea and his sentence, that the government breached the plea agreement at sentencing, and that he was the victim of judicial bias. He also challenges the 202-month sentence of imprisonment imposed by the district court on a variety of grounds. We affirm the conviction. We find that Reiners waived his right to appeal his sentence and therefore dismiss that portion of the appeal.

Reiners worked for Phillip Morris Company for about twenty years, leaving the company in July 1992. By September 1993, he was involved in an elaborate scheme to defraud NationsBank and Signet

2

Bank by posing as the "Chief Operations Officer" of a secret Phillip Morris project which allegedly required millions of dollars worth of computer equipment. Reiners entered into a confidential lease agreement with Nelco, Ltd., a Richmond, Virginia, computer leasing company.**1** With Reiners' help, Nelco borrowed a total of $289,430,687.81 from Signet Bank to buy computers for leasing to Phillip Morris. The computers were to be purchased from CCS, Incorporated (CCS), a New York computer supplier. CCS was controlled by Reiners' co-conspirator, John Ruffo. Nelco sent most of the money received from Signet Bank to two companies that had been created by Reiners--Park Business Forms and Worldwide Regional Exports. None of the money received by these companies was used to buy computers; instead, it was used to buy stock and other securities. In October 1995, Reiners assisted Nelco in obtaining a $70,000,000 loan, this time from NationsBank in Richmond, Virginia. Some of the money was disbursed to CCS and some to Nelco, which kept a portion of the money as its profit but sent most of it to Reiners' companies.

In March 1996, because of discrepancies in the NationsBank loan documents, the deception was discovered and Reiners was arrested. In July 1996, he pled guilty to an information charging bank fraud and money laundering, and cooperated in the investigation of Ruffo. Reiners' plea agreement provided that he agreed to waive his right to appeal his sentence or the manner in which it was determined "on any ground whatever."

Reiners contends on appeal that his guilty plea was not knowing and voluntary because the district court failed to advise him about the effects of supervised release and failed to inform him of the mandatory minimum sentence he could receive. We note that a challenge to the validity of the guilty plea is not precluded by the waiver of appeal rights concerning his sentence. See United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). The adequacy of a Rule 11 proceeding is reviewed de novo, see United States v. Good, 25 F.3d 218, 219 (4th Cir. 1994), but violations of Rule 11 are subject to a harmless error standard of review. See United States v. DeFusco , 949 F.2d 114, 117 (4th Cir. 1991).

_____

**1** Nelco's participation in the scheme was innocent.

3

Reiners first argues that his plea is invalid under United States v. Thorne, 153 F.3d 130 (4th Cir. 1998), because he was not advised of the effects, terms, and conditions of supervised release. Thorne was not informed that he would be subject to a mandatory five-year term of supervised release until after his guilty plea had been accepted. He tried unsuccessfully to withdraw his plea before sentencing and ultimately received a sentence which was greater than the maximum sentence he had been told he might receive at the Rule 11 hearing. We held that the error was not harmless. See Thorne , 153 F.3d at 132-34.

However, Reiners' case is distinguishable. His plea agreement spelled out the nature of supervised release and the consequences of violating it, namely, that he could then be required to serve the whole supervised release term in addition to the prison term. The district court informed him about supervised release before he entered his guilty plea and his sentence including the five-year supervised release term was less than the thirty-year maximum he was told he might receive. In fact, his sentence of 202 months plus sixty months supervised release totals 262 months--the high end of the guideline range. Thus, even if the court erred in not explaining supervised release more fully, the error was harmless.

Reiners' claim that the district court erred in failing to inform him about the mandatory minimum sentence he could receive is meritless. The trial court's failure to advise a defendant before accepting his guilty plea that he is subject to a statutory minimum sentence is reversible error if it is clear at the time that a mandatory minimum sentence will apply and there is no evidence that the defendant is otherwise aware of it. See United States v. Goins , 51 F.3d 400, 402-05 (4th Cir. 1995). Reiners was not subject to a mandatory minimum sentence. Therefore, no Rule 11 violation occurred.

A number of the remaining issues Reiners raises relate to his sentence. If the waiver was valid, review of these issues is precluded by his waiver of appeal rights concerning the sentence or the manner in which it was determined. Reiners asserts that it was not valid because the district court informed him, both at the Rule 11 hearing and at sentencing, that he could appeal despite the waiver, and because the district court did not adequately question him about the waiver.

A defendant's waiver of his appeal rights is valid if it is "a knowing and intelligent decision." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (citations omitted). Whether the waiver has been knowingly and intelligently made is a question of law which we review de novo. See United States v. Marin , 961 F.2d 493, 496 (4th Cir. 1992). An examination of "the particular facts and circumstances surrounding [the] case, including the background, experience and conduct of the accused," is necessary in determining whether a waiver is valid. See Broughton-Jones, 71 F.3d at 1146 (citation omitted). Usually, if the district court fails to question the defendant about the waiver provision during the Rule 11 hearing and the record does not otherwise indicate that he understood the significance of the waiver, it is not knowing and intelligent. See Marin, 961 F.2d at 496.

We are satisfied that the waiver was knowing and intelligent. Although the district court did not question Reiners until after his plea had been accepted, the facts and circumstances of Reiners' plea, as disclosed in the record, indicate that he understood the significance of the waiver. He was represented by two attorneys, had attended college, and had held a responsible position at Phillip Morris for about twenty years. His active participation in the offense alone demonstrates that he was not an unsophisticated defendant who might fail to understand the effect of the waiver. And he unequivocally informed the court, when asked, that he understood that he had agreed to forego an appeal of the sentence.

Moreover, we are not persuaded that a knowing and intelligent waiver of appeal rights may be nullified by the district court's subsequent statement that the defendant has a right to appeal his sentence. The district court in this case accepted the plea agreement when it was submitted for the court's approval with the waiver provision included. To now hold the waiver provision unenforceable would frustrate the purpose of the Rule 11 hearing. Once a defendant has knowingly and intelligently waived his appeal right and the waiver is confirmed at the Rule 11 hearing, the waiver is enforceable. See United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994); Marin, 961 F.2d at 496. Therefore, we find that the waiver was effective. As a consequence, we do not address Reiners' contentions that the district court erred in applying the sentencing guidelines, and in determining his role in the

5

offense, or that his sentence was disproportionate as compared to Ruffo's sentence.

Reiners alleges that the government breached the plea agreement by (1) not objecting to the recommended four-level role adjustment at sentencing despite its stipulation to a three-level adjustment, and (2) disclosing to the probation officer and thus to the district court that he had been involved with CCS in a scheme to defraud Phillip Morris while he was still working for the company. Both claims are without merit.

Reiners' attorney told the court at sentencing that the government's decision to move for a substantial assistance departure mooted his objections to the presentence report and that the court need not resolve them. Because Reiners abandoned his objection to the four-level role adjustment, the government's failure to argue against it could hardly constitute a breach of the plea agreement. Moreover, the plea agreement properly did not prohibit the government from disclosing to the probation officer or the district court any relevant information in its possession concerning Reiners' past conduct. The only restriction was on the use of information provided by Reiners under the agreement to enhance his guideline range. This provision of the agreement was not breached because the information about Reiners' prior scheme to defraud Phillip Morris did not enter into the calculation of his guideline range.

Reiners claims that his attorneys rendered ineffective assistance by (1) failing to advise him about the mandatory minimum sentence and the effect of supervised release before his guilty plea, (2) failing to pursue the objections to the presentence report, (3) failing to ensure that he had reviewed the presentence report before sentencing and failing to attach an amended psychological evaluation, (4) failing to object to the government's breach of the plea agreement, and (5) allowing him to plead guilty to money laundering.

The first and last claims challenge the validity of Reiners' guilty plea and are not waived. However, ineffective assistance of counsel is not considered on direct appeal unless the record conclusively demonstrates that the attorneys' representation was ineffective. See United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992). Here, the record

6

does not conclusively establish that Reiners' attorneys provided ineffective assistance to him. The other claims challenge the sentence. Review of these claims has been waived because the plea agreement did not provide any exception for ineffective assistance claims relating to the sentence.

Reiners next contends that the district court's sentencing decision was affected by bias exhibited toward him by the court. Reiners also argues that the judge's prospective employment, following retirement, with a law firm representing NationsBank, Signet Bank, and Phillip Morris was cause for recusal under 28 U.S.C. § 455(a) (1994). Because Reiners did not move for recusal in the district court, we review this claim under the plain error standard. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993) (defendant must show that error occurred which was plain, affected his substantial rights, and requires correction to protect fairness, integrity, or public reputation of judicial proceedings).

A defendant cannot waive his right to appeal a sentence based on "a constitutionally impermissible factor such as race." Id. A judge should recuse himself if a reasonable person, with knowledge of all the facts of the case, would question the judge's impartiality. See United States v. Mitchell, 886 F.2d 667, 671 (4th Cir. 1989). However, bias must result from an extra-judicial source. See id. If the judge's perceived bias is based solely on evidence from the case before him, it will not disqualify him.

As evidence of bias, Reiners cites comments by the district court which reflect the district court's distaste for his conduct in the offense and its initial suspicion that Reiners might know the location of $13 million which was not recovered.[2] The remarks complained of do not show that the court relied on any impermissible factor in determining the sentence, nor do they establish any extra-judicial source of bias. Moreover, the record does not reflect that either of the banks or Phillip Morris were represented by lawyers from the law firm in question in connection with this case. We do not find that either the judge's comments or his future employment brought his impartiality into

_____

[2] The government informed the court that it was satisfied that Reiners had not concealed the money.

7

question to such a degree that failure to recuse himself amounted to plain error.

We therefore affirm Reiners' conviction and dismiss that portion of the appeal which contests his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART

8