**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-4075

PAUL C. JONES, a/k/a Black,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-95-66)

Argued: March 3, 2000

Decided: April 13, 2000

Before WILKINS, NIEMEYER, and MICHAEL,
Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Randy Virlin Cargill, MAGEE, FOSTER, GOLDSTEIN
& SAYERS, P.C., Roanoke, Virginia, for Appellant. Ray B. Fitzger-
ald, Jr., Assistant United States Attorney, Charlottesville, Virginia, for
Appellee. **ON BRIEF:** Robert P. Crouch, Jr., United States Attorney,
Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Paul C. Jones was convicted upon a plea of guilty of engaging in a continuing criminal enterprise. See 21 U.S.C.A. § 848 (West 1999). Jones appeals his conviction, arguing that the district court committed reversible error at the plea hearing because the court informed Jones that the mandatory minimum sentence for the plea offense was twenty years imprisonment when in fact it was life imprisonment. We agree with Jones and therefore vacate his conviction and remand for further proceedings.

I.

Jones and several other individuals were charged in Count One of a superseding indictment with conspiracy to possess with the intent to distribute and to distribute cocaine base, see 21 U.S.C.A. § 846 (West 1999). Count Two of the indictment charged that the drug operation constituted a continuing criminal enterprise and that Jones was its "principal leader, organizer, and manager." J.A. 20; see 21 U.S.C.A. § 848(a), (b)(1). Count Two also alleged that "the violations committed by [Jones] or under his direction involved more than one and one-half kilograms of cocaine base." J.A. 20.

On the day Jones' trial was scheduled to begin, he agreed to plead guilty to Count Two. The written plea agreement stated that "[t]he parties agree and will present evidence ... to establish that JONES's `relevant conduct' within the special meaning of that term under the Sentencing Guidelines exceeded 1.5 kilograms of cocaine base." J.A. 57. This stipulation, in combination with Jones' agreement that he was an "organizer, supervisor, or manager" of the enterprise, J.A. 56, subjected Jones to a statutory minimum sentence of life imprisonment. See 21 U.S.C.A. § 848(b). However, the plea agreement erroneously stated that the statutory minimum penalty was 20 years

2

imprisonment and that life imprisonment was the statutory <u>maximum</u> sentence.**1**

The error regarding the applicable sentencing range extended to the plea hearing, during which the court explicitly advised Jones that "the mandatory minimum penalty under Count 2 is imprisonment for a term of not less than 20 years" and that "[t]he maximum possible penalty under Count 2 is imprisonment for a term of life."**2** J.A. 38. At the conclusion of the plea hearing, Jones pled guilty to Count Two and the district court accepted the plea as knowing and voluntary.

The subsequently prepared presentence report correctly stated that the statute underlying the offense of conviction mandated a life term of imprisonment. Shortly thereafter, Jones moved to withdraw his plea, arguing that the plea was not knowing and voluntary because he had been misinformed regarding the applicable statutory minimum sentence. The district court denied the motion because it concluded that Jones had not demonstrated a fair and just reason for withdrawal under the six-factor test employed by this court. <u>See United States v. Wilson</u>, 81 F.3d 1300, 1306 (4th Cir. 1996). In particular, the district court stated that Jones had offered "no credible evidence that his plea was not entered into knowingly and voluntarily." J.A. 69.

At Jones' initial sentencing hearing, the court allowed Jones' attorney to further address the issue of the motion to withdraw. Counsel argued that had Jones known his guilty plea would result in a mandatory life sentence, he would not have entered the plea. Jones also testified at the hearing and reiterated that he would not have pled guilty had he known that the consequence of the plea would be a mandatory life sentence. The district court then granted the motion to withdraw, but later vacated its order in response to the Government's motion to reconsider. The district court also denied a second motion to withdraw and, following another sentencing hearing, sentenced Jones to life imprisonment.

_____

**1** Both the prosecuting attorney and the defense attorney mistakenly believed that this sentencing range was correct and neither learned of the error until after the Rule 11 hearing.
**2** The district court also stated that Jones' case "[didn't] look like a maximum case." J.A. 38.

3

II.

A defendant's decision to plead guilty must be a knowing and voluntary one. See Parke v. Raley, 506 U.S. 20, 28 (1992). Rule 11(c) is intended to ensure that a guilty plea is "knowing" by requiring the district court to impart, and be sure that the defendant understands, certain information. See Fed. R. Crim. P. 11(c); id. advisory committee's note to 1974 Amendment. Particularly, Rule 11(c) requires the district court to advise the defendant of any applicable mandatory minimum sentence. See Fed. R. Crim. P. 11(c)(1); United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995). We review the adequacy of a Rule 11 proceeding de novo. See United States v. Thorne, 153 F.3d 130, 132 (4th Cir. 1998).

Here, Jones was not accurately informed of the mandatory minimum sentence that would result from his guilty plea. In fact, he was misinformed. Therefore, a violation of Rule 11 occurred. This violation is harmless, however, if it did not violate Jones' substantial rights. See Fed. R. Crim. P. 11(h); Thorne, 153 F.3d at 133. A defendant's substantial rights are violated if the Rule 11 error affected his decision to plead. See Thorne, 153 F.3d at 133. A defendant's substantial rights are likely not violated if, although the district court failed to mention the mandatory minimum sentence at the plea hearing, the defendant was otherwise aware of the mandatory minimum sentence. See, e.g., United States v. Young, 927 F.2d 1060, 1062 (8th Cir. 1991) (holding that failure of district court to inform defendant of mandatory minimum sentence was harmless error when defendant was aware of the minimum from the indictment, the plea agreement, and the prosecutor's statements during the plea hearing); see also Goins, 51 F.3d at 402-03 (noting rule and discussing cases).

We conclude that the error here was not harmless. There is no suggestion that Jones was otherwise aware of the minimum sentence for his offense when he entered the plea. See United States v. Hourihan, 936 F.2d 508, 510-11 (11th Cir. 1991) (per curiam) (holding that failure to inform defendant of mandatory minimum sentence was not harmless error when neither the indictment nor the plea agreement informed the defendant of the mandatory minimum and the parties contemplated a sentence less than the mandatory minimum). Further, the error certainly affected Jones' decision to plead; Jones articulated

4

the understandable position that he would not have pled guilty had he realized that the plea offense carried a mandatory life sentence.

The Government argues that the plea should be upheld because Jones was informed that the maximum sentence was life and that sentencing was within the sole and complete discretion of the district court. The Government even goes so far as to suggest that the court was accurate in its statement that the statutory penalty ranged from twenty years to life because at the time of the plea hearing "it was by no means certain that the evidence would eventually convince the court that Jones should be held responsible for more than 1.5 kilograms of crack." Brief of Appellee at 7. We reject these arguments because the parties stipulated in a written plea agreement that Jones was responsible for 1.5 kilograms of cocaine base. Consequently, Jones pled guilty to an offense that carried a statutory minimum sentence of life imprisonment and should have been informed of this fact.

III.

Because Jones' plea hearing was infected by a non-harmless Rule 11 error, we vacate his conviction and remand for further proceedings consistent with this opinion.[3]

VACATED AND REMANDED

_____

[3] In light of this conclusion, we need not address Jones' arguments that the district court abused its discretion in denying the motion to withdraw the guilty plea and that he received ineffective assistance of counsel.