**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

KEVIN KAYVON FARRELL, a/k/a
Kayvon Flowers,
Defendant-Appellant.

No. 99-4505

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

EVERETT VERNELL WILSON, a/k/a
Feigh-Leigh, a/k/a Jamal Wilson
Lobell,
Defendant-Appellant.

No. 99-4529

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-98-93)

Submitted: June 30, 2000

Decided: July 26, 2000

Before MURNAGHAN, WILKINS, and KING, Circuit Judges.

_____

No. 99-4505 affirmed and No. 99-4529 dismissed by unpublished per
curiam opinion.

_____

**COUNSEL**

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina; David B. Freedman, WHITE & CRUMPLER, Winston-Salem, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, Douglas Cannon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kevin Kayvon Farrell and Everett Vernell Wilson were charged with conspiring with each other and with Arthur Paul Moore from September 1997 to March 1998 to possess with intent to distribute and distribute crack cocaine in violation of 21 U.S.C. § 846 (1994). Farrell and Wilson pled guilty to the conspiracy charge.* Wilson also pled guilty to using or carrying a firearm during and in relation to a crime of violence. See 18 U.S.C.A. § 924(c) (West 2000). Farrell challenges the validity of his guilty plea on several grounds. Farrell and Wilson both challenge their sentences. Farrell also seeks leave to file a pro se supplemental brief in which he challenges the adequacy of the Fed. R. Crim. P. 11 proceeding. We grant leave to file the pro se supplemental brief and affirm Farrell's conviction and sentence, but dismiss Wilson's appeal for lack of jurisdiction.

Wilson seeks to contest the extent of the district court's downward departure based on his substantial assistance. We lack jurisdiction to review a defendant's challenge to the extent of a downward departure. See United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995).

_____

*Moore was tried and convicted of conspiracy.

2

Farrell first contends that the district court abused its discretion in denying his motion to withdraw his guilty plea. See United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996) (standard of review). A defendant who seeks to withdraw his guilty plea before sentencing must demonstrate a "fair and just reason" for withdrawal of the plea. Fed. R. Crim. P. 32(e). A "fair and just" reason is one that "essentially challenges the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). Applying the test set out in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), we find that the district court did not abuse its discretion in denying the motion. Farrell also asserts that the district court erred in sentencing him as a career offender by finding that the instant offense occurred within ten years of a January 1988 sentence for attempted second degree robbery. Because there was evidence that Farrell was involved in the conspiracy at least by December 1997, we find no error in the court's determination.

In the pro se supplemental brief, Farrell contends that his guilty plea was invalid because the district court failed to inform him about the maximum punishment to which he was exposed as a result of his plea, and failed to inform him about the effect of supervised release. The adequacy of a guilty plea is reviewed de novo. See United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995). However, any error in complying with Rule 11 is harmless if it does not affect substantial rights. See Fed. R. Crim. P. 11(h); United States v. Thorne, 153 F.3d 130, 133 (4th Cir. 1998).

Farrell was exposed to a mandatory minimum prison term of ten years and a maximum of life, as set out in his plea agreement. At the Rule 11 hearing, the district court informed Farrell that he faced a ten-year mandatory minimum sentence and a five-year term of supervised release, but failed to explain that the maximum term he could receive was a life sentence, and failed to explain the effect of the five-year supervised release term. While the court erred in this respect, the error was harmless because Farrell's plea agreement informed him that he was subject to a possible life sentence, see Goins, 51 F.3d at 402-05 (failure to inform defendant of mandatory minimum not harmless when there was no evidence in the record that he was aware of mandatory minimum sentence), and the total of his sentence of incarceration (360 months) and the five-year term of supervised release is less

3

than the maximum sentence of life in prison. See United States v. Good, 25 F.3d 218, 220 (4th Cir. 1994) ("[f]ailure to discuss the nature of supervised release is harmless error if the combined sentence of incarceration and supervised release actually received by the defendant is less than the maximum term he was told he could receive."); see also United States v. Young , 927 F.2d 1060, 1062-63 (8th Cir. 1991) (failure to inform defendant of mandatory minimum sentence harmless when defendant was aware of it).

We therefore affirm Farrell's conviction and sentence. We dismiss Wilson's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 99-4505 - AFFIRMED
No. 99-4529 - DISMISSED

4