UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 99-4613

ANDRE KEBE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-97-357)

Submitted: May 23, 2000

Decided: August 28, 2000

Before WILKINS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James E. McCollum, Jr., Carla M. Mathers, JAMES E. MCCOL-
LUM, JR., & ASSOCIATES, P.C., College Park, Maryland, for
Appellant. Steven Michael Dettelbach, OFFICE OF THE UNITED
STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Andre Kebe pled guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (1994) and was sentenced to 235 months in prison. Kebe's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Although counsel states that there are no meritorious issues for appeal, he does raise several issues in the brief. Kebe has filed a supplemental brief complaining about his counsel's performance. In accordance with Anders , we have considered the briefs and examined the entire record for meritorious issues. We find no error and affirm.

Three of the issues raised in the Anders brief pertain to Kebe's sentence. Counsel contests the two-point increase in Kebe's offense level for possession of a firearm, see U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1998), the calculation of the quantity of drugs for which Kebe was responsible, and the refusal to reduce the offense level by two points for acceptance of responsibility. Additionally, counsel challenges the validity of the indictment, alleges that the district court failed to advise him of the effects of supervised release, and claims that the district court erred in denying his pre-plea motion to suppress certain evidence.

In accordance with a written plea agreement, Kebe waived his right to appeal his sentence unless the district court departed upward or downward from the guideline range. Here, the district court did not depart from the guideline range of 235-293 months. Therefore, assuming that the waiver-of-appellate rights provision was valid, we lack authority to review the three sentencing issues raised in the Anders brief. We review de novo the waiver provision. See United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

2

The record discloses that Kebe entered his plea agreement know-ingly and voluntarily and was fully advised of the consequences of a guilty plea. In addition, he represented to the court at his plea pro-ceeding that he understood the plea agreement, the charge to which he was pleading guilty, and the possible penalties he faced at sentenc-ing.* Kebe expressed satisfaction with his lawyer's services and acknowledged that he understood those rights he was giving up by pleading guilty. Of particular note is Kebe's statement that he fully understood the waiver of the right to appeal his sentence.

Under these circumstances, we find that the plea agreement, including the waiver-of-appellate-rights provision, was valid and enforceable. Because Kebe waived his right to appeal his sentence and because the district court did not depart from the guideline range in imposing sentence, we decline to address the sentencing issues raised in the Anders brief.

It has long been established that a valid guilty plea waives all ante-cedent nonjurisdictional defects. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Cain, 155 F.3d 840, 842 (7th Cir. 1998). Having found that Kebe's guilty plea was knowing and volun-tary, he has waived his right to challenge the ruling on the motion to suppress. Further, his attempt to raise a jurisdictional challenge based on the indictment's alleged failure to state an offense fails: the indict-

---

*Kebe asserts that the district court did not adequately explain super-vised release. The transcript of the Fed. R. Crim. P. 11 proceeding dis-closes that the court correctly stated that Kebe faced a minimum term of ten years in prison, a maximum term of life imprisonment, and a super-vised release term of five years. See 21 U.S.C.A. § 841(b)(1)(A) (West 1999). The court explained supervised release as "what we used to call parole," stated that supervised release in this case was "not particularly relevant," and admitted to not being "sure how it works today." While the court's explanation of supervised release was inadequate, the error is harmless because Kebe's combined sentence of incarceration (235 months) and his term of supervised release (five years) was less than the maximum term of imprisonment (life) that he was told--and represented that he understood--he could receive. Cf. United States v. Thorne, 153 F.3d 130, 133 (4th Cir. 1998). The inadequate explanation of supervised release does not render Kebe's guilty plea invalid.

3

ment clearly alleged a conspiracy among Kebe and others to commit a drug offense over a period of over two years.

In his pro se supplemental brief, Kebe asserts that his attorney was ineffective. Because it does not conclusively appear in the record that counsel did not provide effective representation, we conclude that Kebe should raise this claim, if at all, in a 28 U.S.C.A. § 2255 (West 1999) motion. See United States v. DeFusco, 949 F.2d 114 (4th Cir. 1991). Kebe's remaining claims concern alleged errors at sentencing, and are waived for the reasons stated above.

As required by Anders, we have examined the entire record in this case and find no meritorious issues for appeal. We therefore affirm Kebe's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If his client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy thereof has been served on his client.

AFFIRMED

4