# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

BRIAN MAURICE OAKMAN,
    *Defendant-Appellant.*

No. 00-4521

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Cameron McGowan Currie, District Judge.
(CR-00-154)

Submitted: May 22, 2001

Decided: July 31, 2001

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Martin Charles Puetz, Augusta, Georgia, for Appellant. Scott N. Schools, United States Attorney, Stacey D. Haynes, Assistant United States Attorney, Ann Agnew Cupp, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Brian Maurice Oakman appeals his convictions and 168-month sentence imposed after he pled guilty to possession with intent to distribute and distribution of "a quantity of" cocaine (count 1) and crack cocaine (count 2), in violation of 21 U.S.C.A. § 841 (West 1999). Oakman contends that the indictment is defective, he entered his guilty plea involuntarily, his sentence is invalid, and § 841 is unconstitutional. As support for his contentions, he relies on *Apprendi v. New Jersey*, 530 U.S. 466, ___, 120 S. Ct. 2348, 2362-63 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). Finding no reversible error, we affirm.

Oakman first argues that, in light of *Apprendi*, the indictment is defective because it failed to charge the quantity of drugs as an element of the offense, thereby violating his rights under the Fifth Amendment. We recently held that a specific threshold drug quantity is an element of an aggravated drug trafficking offense that must be charged in the indictment and proved to a jury beyond a reasonable doubt. *United States v. Promise*, ___ F.3d ___, ___, 2001 WL 732389, at *5 (4th Cir. June 29, 2001) (en banc). We have reviewed the indictment under the liberal standard set forth in *United States v. Williams*, 152 F.3d 294, 298-99 (4th Cir. 1998), and find that the indictment is sufficient because it properly charged the elements of the offenses of which Oakman was convicted. *Promise*, ___ F.3d at ___, 2001 WL 732389, at *8 (finding indictment sufficient where it charged defendant with conspiracy to possess with intent to distribute "a quantity of cocaine and cocaine base"); *United States v. Angle*, ___ F.3d ___, ___, 2001 WL 732124, at *2 (4th Cir. June 29, 2001) (en banc) (reaching same conclusion where sentence imposed was less than 240 months). Thus, Oakman is not entitled to relief on this claim.

Next, Oakman alleges that his guilty plea was unknowing because he was not informed of the nature of the charges against him. Rule 11(c)(1) of the Federal Rules of Criminal Procedure requires a district court to inform a defendant of the nature of the charge. Fed. R. Crim.

P. 11(c)(1). A violation of Rule 11(c)(1) is harmless if the error did not violate the defendant's substantial rights. Fed. R. Crim. P. 11(h); *United States v. Thorne*, 153 F.3d 130, 133 (4th Cir. 1998). If the defendant is aware of the information omitted by the court, the omission would not likely affect his decision to plead and may be considered harmless. *United States v. Goins*, 51 F.3d 400, 402-03 (4th Cir. 1995).

Although Oakman asserts on appeal that "he had no idea exactly what amounts of drugs the [G]overnment would allege were involved," (Appellant's Br. at 19), the Government stated at the plea hearing that Oakman was responsible for 30.31 grams of cocaine and 116.73 grams of crack cocaine. Based on that information, the court thoroughly informed Oakman of the possible penalties—for the cocaine offense, no more than twenty years in prison, and for the crack offense, "the worst case situation" of ten years to life. Thus, we find that any error in the Rule 11 colloquy is harmless.

Oakman also asserts that his 168-month sentence is invalid in light of *Apprendi*. Oakman's sentence does not violate *Apprendi* because his 168-month term of incarceration does not exceed the twenty-year statutory maximum set forth in 21 U.S.C.A. § 841(b)(1)(C). *Angle*, ___ F.3d at ___, 2001 WL 732124, at *2; *Promise*, ___ F.3d at ___, 2001 WL 732389, at *5; *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000) (finding that *Apprendi* does not apply to judge's exercise of sentencing discretion within statutory range, so long as defendant's sentence is not set beyond maximum term specified in substantive statute), *cert. denied*, 121 S. Ct. 1393 (2001); *United States v. Lewis*, 235 F.3d 215, 219 (4th Cir. 2000) (applying a plain error standard of review), *petition for cert. filed*, Apr. 17, 2001 (No. 00-1605). We therefore find no error in Oakman's sentence.

Finally, Oakman asserts that § 841 is unconstitutional after *Apprendi*. We find his arguments unpersuasive. *See United States v. Brough*, 243 F.3d 1078, 1080 (7th Cir. 2001) (holding that "there is no constitutional defect in the design of § 841, and . . . no impediment to convictions under the statute as written").

Accordingly, we affirm Oakman's convictions and sentence. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*