# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 03-4277

ALI JAMIL AL-HABABEH,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-02-569)

Submitted: July 30, 2003

Decided: August 13, 2003

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

May Shallal Kheder, Maher Hanania, HANANIA, KHEDER &
NAWASH, Falls Church, Virginia, for Appellant. Paul J. McNulty,
United States Attorney, Robert W. Wiechering, Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Pursuant to a plea agreement, Ali Jamil Al-Hababeh pled guilty to one count of fraud and misuse of visas, permits, and other documents, in violation of 18 U.S.C.A. § 1546(a) (West Supp. 2003). The district court denied his motion to withdraw his guilty plea and sentenced him to five months in prison and two years of supervised release. As a special condition of supervised release, the court ordered Al-Hababeh to cooperate with any orders or directives of the Immigration and Naturalization Service ("INS"). Al-Hababeh timely appealed. We affirm.

Al-Hababeh contends that the district court erred in denying his motion to withdraw his guilty plea. This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Rather, a defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. *Id.*

Factors considered in determining whether a defendant has shown a fair and just reason for withdrawing his guilty plea include:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*Id.* Based on our review of the record, we uphold the district court's finding that these factors do not favor Al-Hababeh's position and conclude that the court did not err by denying his motion to withdraw his guilty plea.

Intertwined with his claim that the district court erred by denying his motion to withdraw his guilty plea, Al-Hababeh argues that the Fed. R. Crim. P. 11 hearing was inadequate because the district court failed to advise him about the essential elements of the offense or the provision of his plea agreement whereby he waived his right to challenge deportation or removal proceedings. While the adequacy of the plea generally is reviewed de novo, *United States v. Good*, 25 F.3d 218, 219 (4th Cir. 1994), in the Rule 11 context, violations are reviewed for harmless error. *United States v. Damon*, 191 F.3d 561, 564 n.2 (4th Cir. 1999) (citing *United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995)).

We find that the district court's statements at the plea hearing adequately gave Al-Hababeh notice of the charge to which he was pleading guilty and satisfied the requirements of Rule 11. *United States v. Martinez*, 277 F.3d 517, 530 (4th Cir.), *cert. denied*, 123 S. Ct. 200 (2002); *United States v. DeFusco*, 949 F.2d 114, 116-17 (4th Cir. 1991). In addition, the district court's failure to discuss the portion of the plea agreement addressing Al-Hababeh's waiver of challenges to deportation or removal was, at most, harmless error. Fed. R. Civ. P. 11(h).

Although a defendant must know the direct consequences of his guilty plea in order for it to be knowing and voluntary, *Brady v. United States*, 397 U.S. 742, 755 (1970); *Cuthrell v. Director, Patuxent Inst.*, 475 F.2d 1364, 1365 (4th Cir. 1973), the failure to inform a defendant about a collateral consequence, such as deportability, does not render the guilty plea involuntary. *Cuthrell*, 475 F.2d at 1366. Moreover, while the district court did not discuss the provisions of the plea agreement concerning waiver of challenges to deportation or removal, Al-Hababeh signed the plea agreement directly under the passage stating that "I have read this plea agreement and carefully reviewed every part of it with my attorney," and stated under oath at the Rule 11 hearing that he had reviewed the agreement. The attorney representing Al-Hababeh when he signed the plea agreement and entered his guilty plea stated in an affidavit that he reviewed the plea agreement with his client, including the provision that he was removable and would not object to removal proceedings, and that he understood when he pled guilty that deportation was a possible consequence of his guilty plea. We therefore find that the court's fail-

ure to address the deportation and removal provisions at the Rule 11 hearing amount, at most, to harmless error.

Al-Hababeh contends that the Rule 11 hearing was flawed because the district court failed to advise him about the special conditions of supervised release, namely that he must cooperate with the INS. In support of his position, he cites *United States v. Thorne*, 153 F.3d 130 (4th Cir. 1998). Unlike the defendant in *Thorne*, Al-Hababeh was advised at the Rule 11 hearing that he faced a three-year term of supervised release if he pled guilty and would have to serve that time if he violated the terms of supervised release. Accordingly, we find that the concerns raised in *Thorne* do not exist in this case.

For these reasons, we affirm Al-Hababeh's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*