**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 06-4817**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SATHIRE ZACH ROBINSON,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    Andre  M.  Davis,  District  Judge.
(1:05-cr-00507-AMD)

—————————

Submitted: January 25, 2007          Decided:  January 31, 2007

—————————

Before WIDENER and MICAHEL, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Arthur S. Cheslock, Baltimore, Maryland, for Appellant.   Rod J.
Rosenstein,  United  States  Attorney,  Christopher  J.  Romano,
Assistant  United  States  Attorney,  Baltimore,  Maryland,  for
Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sathire Zach Robinson pled guilty to possession of five grams or more of cocaine base (crack) with intent to distribute, 21 U.S.C. § 841(a) (2000) (Count Two), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2006) (Count Three). He received a sentence of ten years imprisonment, four years supervised release, and a special assessment of $200. No fine was imposed. Robinson's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious issues for appeal. Robinson has been informed of his right to file a pro se supplemental brief, but has not filed a brief. We affirm.

Appellate counsel first suggests that Robinson's guilty plea is invalid because the district court failed to inform him at the Fed. R. Crim. P. 11 hearing that his plea would subject him to a term of supervised release. While Rule 11 requires a district court to inform a defendant that his sentence will include a term of supervised release and explain its significance, and failure to do so is error, the error is harmless if it does not affect the defendant's substantial rights. United States v. Thorne, 153 F.3d 130, 133 (4th Cir. 1998); United States v. Good, 25 F.3d 218, 220 (4th Cir. 1994). Robinson concedes that, when he signed his plea agreement, he was aware that his sentence of imprisonment would be

followed by a term of supervised release of up to five years, and that, for the offenses to which he was pleading guilty, he faced a minimum of ten years (consecutive five-year terms for each count) and a maximum of life without parole. Because Robinson's ten-year sentence and four-year term of supervised release together are less than either of the maximum sentences of forty years or life imprisonment that Robinson was told he could receive, the error was harmless. Thorne, 153 F.3d at 133; Good, 25 F.3d at 220.

Counsel also questions whether Robinson was correctly sentenced under the applicable statutes and the advisory sentencing guidelines. Robinson received the mandatory minimum five-year sentence on each count; the sentence for the § 924(c) offense was consecutive, as required by statute. The concurrent four-year terms of supervised release were within the statutory range for supervised release provided by statute. See 21 U.S.C.A. § 841(b)(1)(B) (West 2000 & Supp. 2006); 18 U.S.C. § 3583(b)(1) (2000). We conclude that the sentence was proper.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm the conviction and sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this

- 3 -

court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED